McCortle *v.* Bates et al.

*E. V. Dean* and *O. F. Moore,* for defendant in error.

THOMAS McCORTLE *v.* BETHEL BATES ET AL.

.An agreement by members of a township board of education, acting in their individual capacity, to purchase from another person apparatus for the schools of the township, and to ratify said contract of purchase at the next meeting of the board, is contrary to public policy, and therefore illegal and void.

MOTION for leave to file a petition in error to the District ·Court of Noble county.

The original action was brought by the plaintiffs against Bethel Bates, Andrew J. Moore, Josephus Groves, E. H. ·Craft, and I. Q. Morris, in the Court of Common Pleas of Noble county.

The following are the facts, so far as they are material to .be noticed :

On the 13th day of October, 1870, the defendants were members of the board of education of Seneca township, in said county, and on that day they entered into an agreement in writing with one J. S. Wachob, of which the following is a copy :

" Mr. J. S. Wachob is hereby requested to forward to Herman Suabidissen, township clerk, the following list of .articles, viz : Seven excelsior globes, seven inches in diam-

eter, mounted as per cut herewith, provided a majority of the members of the board of education of Seneca township, Noble county, Ohio, sign this order; and we hereby agree to pay for the same on or before the first day of September, 1871, with interest, at the price hereto annexed.

"The township clerk is hereby directed to issue an order on the township in the payment for the same in favor of said Wachob, payable as above specified, and he is further requested to call a special meeting of said board within —— days, at which meeting we agree with each other that we will ratify this contract.

> "BETHEL BATES,
> "ANDREW J. MOORE,
> "JOSEPHUS GROVES,
> "E. H. CRAFT,
> "I. Q. MORRIS.

"*October* 13, 1870."

Then followed a long list of school apparatus with prices annexed, the price annexed to the globes contracted for being $15 each. The globes were delivered to the township clerk, who drew an order on the treasurer of the township, as directed, for $105, in favor of Wachob, payable September 1, 1871. This order and Wachob's interest in the above-recited agreement were assigned by him to the plaintiff, after which the board of education, acting in its corporate capacity, repudiated the contract, and the treasurer refused to pay the order; whereupon the plaintiff brought his action against the members of the board signing the contract to recover upon their alleged individual promise to pay for the globes. The defendants demurred to a petition stating the foregoing facts, upon the ground that the facts stated were insufficient to constitute a cause of action. The demurrer was sustained, and the petition dismissed. On error, the district court affirmed the judgment of the common pleas. Leave is here asked to file a petition to reverse both judgments.

*Barnes & Anderson,* for the motion.
*Spriggs & Foreman,* contra.

BOYNTON, J. The contract sued upon having none of the attributes or immunities of commercial paper, the plaintiff, by the assignment by Wachob of his claim against the defendants, secured and succeeded to such rights, and such only, as Wachob possessed at the time of the transfer.

Such defenses as would have been allowed had he retained the claim and brought suit upon it himself, are now admissible against the plaintiff. Assuming, without deciding, that by the understanding of the parties to the agreement the defendants incurred a personal liability, it is quite clear that there was no error in the action of the common pleas in sustaining the demurrer and dismissing the petition.

The request to Wachob to forward the globes, provided a majority of the board signed the order; the agreement to pay for the same on or before September 1, 1871; the direction to the township clerk to "issue" an order on the township in favor of Wachob for the amount agreed upon; the request to the clerk to call a special meeting of the board for action upon the matter, and the agreement among the members signing the contract to ratify the same at such meeting, were all elements of the same transaction. The paper on which they were written contained the price-list of school apparatus belonging to Wachob, and it was delivered to him after it was signed by the defendants. He was not only cognizant of its contents, but a party to its stipulations. The promise or agreement of the members of the board, *inter sese,* to ratify the contract at the meeting to be called, was to the knowledge of Wachob a material inducement to the agreement to purchase, and made for his benefit. He accepted an order drawn on the treasurer in anticipation of such ratification. It was an agreement to avoid or evade personal liability, if any was incurred, by shifting it to the township. It is not unlike, in its legal aspect, a promise or agreement by a

legislator, or member of a city or town council, to act and
vote upon a pending measure, in a certain way, for a con-
sideration paid. Such promise or agreement was clearly
contrary to public policy, and therefore illegal and void.
Its effect is to vitiate the whole instrument.

The board is constituted, by statute, a body politic and
corporate in law, and as such is invested with certain cor-
porate powers, and charged with the performance of cer-
tain public duties. These powers are to be exercised, and
these duties discharged, in the mode prescribed by law.
The members composing the board have no power to act
as a board, except when together in session. They then
act as a body or unit. The statute requires the clerk to
record, in a book to be provided for that purpose, all their
official proceedings. They have, in their corporate capa-
city, the title, care, and custody of all school property
whatever within their jurisdiction, and are invested with
full power to control the same in such manner as they may
think will best subserve the interest of the common schools
and the cause of education. They are required to prescribe
rules and regulations for the government of all the common
schools within the township. Clothed with such powers,
and charged with such duties and such responsibilities, it
will not be permitted to them to make any agreement
among themselves, or with others, by which their public ac-
tion is to be, or may be restrained or embarrassed, or its free-
dom in anywise affected or impaired. The public, for
whom they act, have the right to their best judgment after
free and full discussion and consultation among them-
selves of, and upon, the public matters intrusted to them,
in the session provided for by the statute. This can not be
when the members, by pre-engagement, are under contract
to pursue a certain line of argument or action, whether the
same will be conducive to the public good or not. It is
one of the oldest rules of the common law, that contracts
contrary to sound morals, or against public policy, will not
be enforced by courts of justice—*ex facto illicito non oritur
actio;* and the court will not enter on the inquiry, whether

such contract would, or would not, in a given case, be injurious in its consequences if enforced. It being against the public interest to enforce it, the law refuses to recognize its claim to validity.

*Leave refused.*