## COMMISSIONERS OF ANDERSON COUNTY v. PAOLA & FALL RIVER RAILWAY COMPANY.

COUNTY RAILROAD BONDS; *Unauthorized Issue may be Canceled.* Where the record shows, that in September 1871, a vote was had, by which the county board was authorized to subscribe to the capital stock of a certain railway company and to issue the bonds of the county in payment therefor, and in September 1873 two of the members of such board met in a supposed special session, but without any previous request or call therefor, and without any notice thereof to the third member, although he was present in the county and could easily have been served with notice, and this was not a regular session or an adjourned session of the board, and these two members, at such session, passed resolutions directing a subscription to the capital stock of said railway company, and also directed the issuance of certain county bonds, to be deposited with the state treasurer, to be held by him in escrow until certain conditions should be fulfilled by the railway company, and then to be delivered to such company, and such subscriptions were so made and the bonds were so issued and deposited, said subscription and said bonds are not legal and binding obligations upon the county, and the county may maintain an action to set them aside and cancel them.

*Error from Allen District Court.*

THE *Board of County Commissioners* of Anderson county brought its action to compel a cancellation of a subscription of $160,000 purporting to have been made by said county to the stock of the *Paola & Fall River Railway Company,*

and for the return and cancellation of $160,000 of county bonds issued and deposited with the state treasurer to pay such subscription. A demurrer to the petition was over-ruled by the district court; and on appeal by the *Railway Company* this court affirmed the judgment. (16 Kas. 302 to 311.) The grounds upon which such cancellation was sought to be made, and all the facts, are fully set forth in the report of the case, in 16 Kas. 302. After the decision on the demur-rer, an issue of fact was joined between the parties, and upon application of the *Railway Company* the venue was changed to Allen county, where the action was tried at the June Term 1877 of the district court. Judgment was given in favor of defendant, and the *Board of County Commissioners* now brings the case here on error.

*A. Bergen,* for plaintiff.

*W. A. Johnson,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This is the second time that this case has been presented to this court. (*Paola & Fall River Rly. Co. v. Comm'rs of Anderson Co.,* 16 Kas. 302.) And no new ques-tion of any importance is now presented by the record. After the former decision, and after the case was returned to the district court, the defendant, the railway company, answered to the plaintiff's petition, and the plaintiff replied. This answer and reply were afterward amended. The answer as amended put in issue some of the allegations of the plain-tiff's petition, and also set up as a defense a supposed ratifi-cation by the full board of county commissioners of the alleged irregular and unauthorized acts of only two of the members of said board. The reply was substantially a gen-eral denial. Upon these pleadings the parties went to trial. The case was tried before the court and a jury. After the plaintiff intrduced its evidence, and rested, the defendant de-murred thereto, on the ground that the evidence did not prove any cause of action. The court sustained the demur-

rer, discharged the jury, and rendered judgment in favor of the defendant and against the plaintiff; and the plaintiff now appeals to this court.

We think the court below erred. Every substantial fact alleged in the plaintiff's petition was either admitted or proved, and there was no evidence introduced tending to prove the defendant's defense of ratification. It is perhaps true, that the plaintiff did not prove that the notice of the special session of the board of county commissioners attempted to be held by two of the members of the board on the 4th of September 1873, was "intentionally and fraudulently" withheld from the third member of the board by the railway company; but we do not think that this is a material fact in the case. The third member did not in fact have notice of any kind concerning said meeting until some days after it was held; and this we think is the material fact in this particular. And there is no evidence in this case showing that either this third member, or the county board in legal session, ever ratified the act of the two members done at such supposed special session. We must therefore hold in this case as follows: Where the record shows, that in September 1871, a vote was had by which the county board was authorized to subscribe to the capital stock of a certain railway company, and to issue the bonds of the county in payment therefor, and in September 1873, two of the members of such board met in a supposed special session, but without any previous request or call therefor, and without any notice thereof to the third member, although he was present in the county and could easily have been served with notice, and this was not a regular session or adjourned session of the board, and these two members at such session passed resolutions directing a subscription to the capital stock of said railway company, and also directed the issuance of certain county bonds to be deposited with the state treasurer and held by him as escrows until certain conditions should be fulfilled by the railway company and then to be delivered to such company, and such subscription was so made, and the bonds were so

issued and deposited, said subscription and said bonds are not legal and binding obligations upon the county, and the county may maintain an action to set them aside and to cancel them.

As we have before stated, the question of ratification is not in the case. If the acts of said two commissioners were ever ratified by the board in legal session, it devolved upon the defendant to show it. But the defendant did not show it; nor was it shown in this case. The defendant alleged in its answer that the county board ratified the acts of said two commissioners at the regular session of the board held in October 1873. But what particular acts or things the board did, or did not do, at said October session, amounting to a ratification, or how the board ratified said acts, we are not informed. The defendant also alleged in its answer, that the county board again, on 8th January 1874, and on 23d July 1874, and 9th October 1874, ratified said acts of said two commissioners, and made said subscription and said bonds valid. In these last three instances the defendant tells us, in its answer, how the ratification was consummated; but whether his answer is true in these respects or not we cannot tell, as no evidence was introduced tending to prove or disprove the same, and therefore we do not feel called upon to express any opinion as to the sufficiency of these alleged ratifications. The court below could not of course have expressed any opinion thereon, as the question was not before it. We shall therefore not express any opinion in this case concerning said alleged ratifications. As to the ratification alleged to have taken place in October 1873, we could not express any intelligent opinion, however much we might so desire, for there is nothing in the case alleging or showing what the particular acts or omissions of the board or of its members were which are supposed to constitute a ratification.

The judgment of the court below is reversed, and the cause remanded for a new trial.

All the Justices concurring.