The opinion of the court was delivered by
Valentine, J.:
This was an action brought by A. Mincer against School District No. 31, of Reno county, Kansas, for the recovery of $51.80, upon a supposed school-district order, alleged to have been executed by the officers of the district. The issues were so made up as to throw the burden of proof in the case entirely upon the plaintiff; and upon the issues as thus made up, the case was tried by the court below,, without a jury, upon the following agreed statement of facts, to wit:
“ This suit is brought by A. Mincer against School District 31, Reno county, Kansas, upon a school order for $51.80, bearing date September 13, 1878, and bearing interest at the rate of 10 per cent, per annum, said order being signed by J. Adamson, director, and W. B. Nicholson, clerk; that said Nicholson was the lawful clerk; that Adamson was elected August, 1878, but failed to qualify within the statutory time. Afterward, and before the said order was given, he went and signed an oath in the school-district clerk’s book, but the same was done before no officer authorized to administer oaths, and afterward, after giving the order, he was appointed director. Prior to the giving of the order, the lightning-rod men went to Adamson and Nicholson and got permission to put lightning rods on the school house, and the order was given to pay for the lightning rods. Adamson was appointed the director of the district by the county superintendent, on September 20, 1878. The order for lightning rods and the school order sued on were all given on September 13, 1878. At the time the men were putting up the rods the treasurer of the district told them that the director was not an officer, and if they put them up they would get no pay. The said order was transferred to Mincer without recourse. The clerk also informed the men who put up the rods that Adamson was. elected director and failed to qualify, but since that time had signed the oath of office.” .
Upon this agreed statement of facts, the court below found *255 in favor, of the defendant and against the plaintiff, and rendered judgment accordingly. The plaintiff now brings the case to this court for review.
We think the decision of the court below was correct; and for this reason, if not for others, that the school-district .order was never authorized or allowed or executed by the school-district board; and this for at least two reasons: First, that it was never authorized or allowed or executed at any legal meeting of the board, or indeed at any meeting of the board; and second, one of the two persons who signed the order as members of the board was not a member thereof, either de jure or de facto, thereby leaving the order approved and allowed by only one member of the board. J. Adamson, who signed the order, was elected a director for the district; but before the order was signed he forfeited his office under §§2 and 3, article 4, of the school laws, (Comp. Laws of 1879, p. 827,) by failing to qualify in time; and it does not appear that prior to signing the order; he had ever acted as a member of the school board; nor does it appear that he had ever attended a meeting thereof, or that he had ever been recognized'by any person as a member thereof; and it does appear affirmatively that the treasurer of the district did not recognize him as a member of the board, and that he told the lightning-rod men, to whom the order was given, that he was not a member of the board; and, from anything appearing in the record, Adamson’s predecessor may have still been acting as the director of the district at the time the order was allowed and signed. It is admitted by the plaintiff that Adamson was not a member of the board de jure; and the most that is claimed is that he was a member of the board de facto. But there is no room even for this claim; for, as we have said before, there is nothing to show that he ever acted as a member of the board, or that he was ever recognized as such, and a man cannot be an officer de facto, unless he is actually in the possession of the office, and acting as an officer. If Adamson’s predecessor was still acting as a director when this order was signed, then, in law, he was still a *256 director; and then Adamson could not have been a director de facto — for two persons cannot be officers de facto for the same office at the same time. (McCahon v. Comm’rs of Leavenworth County, 8 Kas. 437.) But even if Adamson had been a legal member of the board, both defacto and dejure; even if he had been the legal director of the school district, still the order must be held to be invalid, for it was never authorized or allowed by the board. The most that can be claimed for it isthat the order was authorized and allowed by two members of the board, but not allowed at any meeting of the board. This is not ■enough. In order to' bind the school district, the assent must not be given merely by the several members of the board separately, but it must be given by a majority of the board, jointly and in legal session. The assent of all the several members •of the board separately would not be enough to bind the district. The ássent must be given by a majority of the board at some legal meeting. (Art. 4, §§ 4, and 21 to 43, of the act relating to schools; Herrington v. The Dist. of Township of Liston, 47 Iowa, 11; McCortle v. Bates, 29 Ohio St. 419.) Of course when the board is in legal session, the action of any two members of the board will control; but the action of two members, when the board is not in legal session, will not control in any matter which is conferred upon the board itself; and the board cannot meet in legal session unless the time of their meeting is provided for by law, or unless each member of the board has notice of the meeting in time to be present. (Comm’rs of Anderson Co. v. The Paola & Fall River Rly. Co., 20 Kas. 534; The Paola & Fall River Rly. Co. v. Comm’rs of Anderson Co., 16 Kas. 302.) And where a board consists of three members, the action of two of them jointly is illegal and void, unless such action is had at a legal meeting of the board. (See authorities above cited.) In the pres-ent case it does not appear that the board ever met; and it does not appear that any action was ever had with reference to the plaintiff’s claim by the board, as a board, or even by a majority of them, as a board. The only action that is shown •to have been taken by any member of the board was that *257 ■taken by Adamson, as director, and Nicholson, as clerk, of the district. As we have already stated, the burden of proof in all respects rested upon the plaintiff. Under such circumstances, we must hold that the order upon which the plaintiff -sued is illegal and void.
The judgment of the court below will be affirmed.
All the Justices concurring.