(Hamilton County Court of Common Pleas.)

THOMAS P. PIERCE *v.* THE BOARD OF EDUCATION OF THE SPECIAL SCHOOL DISTRICT NO. 7 OF WEST LOVELAND.

1. Section 4017, as enacted March 31, 1892, repealed section 4017, as amended March 15, 1892, by implication, and became section 4017 of the Revised Statutes.
2. The provisions of said section, that at an appointment of a teacher the clerk of the board of education shall call, publicly, the roll of all the members comprising the board, and as each member's name is called he shall verbally announce the name of the candidate who is his choice, and the clerk shall enter on the records required to be kept the names of those voting and for whom they voted, are mandatory, and must be complied with in order that a legal appointment may be made.

(Decided January Term, 1895.)

SAYLER, J.

The plaintiff claims that he was duly elected or appointed the principal of Special School District No. 7 of West Loveland for the entire school year commencing September, 1893, at a stipulated sum of $65.00 a month, making a total of $552.50 for the year; that at the opening of said school he presented himself ready and willing to perform his duties as such principal, but that the defendant refused to permit him to do so; that he was discharged without cause and without fault on his part, and contrary to law and in violation of the contract of employment. That he diligently sought employment at the best salary obtainable, and was employed for a period of 8¼ months and received $247.50; and he asks judgment for $305.00.

It appears from the testimony in the case that at a meeting of said Board of Education, on April 6, 1893, the following proceedings were had, viz:

" The applications of Thomas P. Pierce as principal, Miss Kate Hulick, intermediate teacher, and Miss Anna Crane as primary teacher, for school year beginning September 1, 1893, were received.

" After receiving the applications, and after some discussion, D. E. Lounsbury offered the following resolution:

"*Resolved*, That this board does hereby engage and contract with Thomas P. Pierce as principal of the West Loveland public school, of the West Loveland Special School District No. 7, for the entire school year beginning September, 1893, and does employ him as such principal for said time, at a stipulated sum of $65.00 per month during each and every month of said school year.

"And we do further engage and contract with Miss Kate Hulick for her services as intermediate teacher of said school for the entire school year commencing September, 1893, at a stipulated sum of $45.00 per month during each and every month of said school year.

"And we do further engage and contract with Miss Anna Crane for her services as primary teacher in said school for the entire school year commencing September, 1893, at a stipulated sum of $40.00 per month during each and every month of said school year.

"Upon roll-call the above resolution was adopted by the following vote:

"Dieffenderfer, yea; Bishop, yea; Lounsbury, yea.

"Lounsbury also offered the following resolution:

"*Resolved*, That the president and clerk of this board be and they are hereby authorized and instructed to enter into a written contract with the principal and with the other teachers of said school, in accordance with the terms of the foregoing resolution, and to sign such contract in behalf of this board.

"Upon roll-call the above resolution was adopted by the following vote:

"Dieffenderfer, yea; Bishop, yea; Lounsbury, yea.

"Immediately after the adoption of the foregoing|resolution, this board entered into a written contract with the principal and other teachers as per the terms of the foregoing resolution."

Thereupon a contract was formally executed by the president and clerk of the board, and Thomas P. Pierce, in accordance with the action of the board.

Is this a valid appointment of a teacher?

In order to determine this question, it is necessary to determine the law governing the action of the board; whether section 4017, of the act of March 15, 1892, (89 O. L. 96), or section 4017, as enacted March 31, 1892, (89 O. L. 202), or section 3982, of the Revised Statutes.

The provisions of section 3982 are applicable to all boards, and will control, unless other provisions are made applicable by section 4017.

Under section 3982, on a motion to employ a teacher, the clerk shall call, publicly, the roll of all the members comprising the board, and enter upon the record the names of those voting "aye," and the names of those voting "no."

This section does not specifically confer power on the board to employ teachers; it simply provides what shall be done on a motion for that purpose.

Chapter 9, of the Revised Statutes, is headed, "Schools and attendance enforced," and seems to be general in its provisions; that is, the provisions of the sections of the chapter apply to all districts, unless by their terms they are limited in their application. Section 4017 of this chapter provides, that "The Board of Education of each district shall have the management and control of the public schools of the district, with full power, subject to the provisions of the next section, to appoint a superintendent and assistant superintendents of schools, a superintendent of buildings, and teachers, janitors, and other employes," etc.

It will be noticed that by section 3897, authority is conferred to ap-

point teachers in city districts; that by section 4018 provisions are made for the appointment of teachers in township districts. The authority to appoint teachers, conferred by section 4017, is general; applicable to all districts, except as special provisions as to districts are made by sections 3397 and 4018.

Therefore, the provisions of section 4017 are applicable to the appointment of teachers in special districts. But under this section, no provision is made as to the manner of the vote on the resolution to appoint, and the provisions of sections 3982 control.

Section 4017 was amended on April 28, 1890, (87 O. L. 372).

This amended section has the same application to districts as the original section, and, among other things, provides that: "At said appointment the clerk shall call, publicly, the roll of all the members comprising the board, and as each member's name is called, he shall verbally announce the name of the candidate who is his choice, and the clerk shall enter upon the records required to be kept, the names of those voting, and for whom they voted."

Here is a provision in regard to the manner of voting on the resolution in addition to the requirement of section 3982, and applicable to special districts.

Section 4017 as amended April 28, 1890, was amended March 31, 1892, (89 O. L. 202).

This amended section provides that, "The Board of Education of each district shall have the management and control of the public schools of the district, with full power to appoint a superintendent and assistant superintendents of the schools, a superintendent of buildings, and teachers, janitors, and other employes," etc., and makes the same provision as to the manner of voting that the amendment of April 28, 1890, contained, and it then provides for an exception as to certain. counties, as to the time for which a teacher may be employed.

This section repeals section 4017, as amended April 28, 1890.

Were there no other complication, it is clear that section 4017, thus amended on March 31, 1892, would control in this case.

On March 15, 1892, an act entitled "An act to provide for the more efficient organization of the common schools in township districts," was passed. (89 Ohio Laws, 93.)

This act amended certain sections of chapters 4, 5, 6, 7, 8, 9 and 10, and by its heading would make them applicable to township districts.

Section 4017, of the Revised Statutes, was amended by this act. The amendment consists in eliminating from the original section the words "subject to the provisions of the next section," and providing that the salaries of teachers may be increased during the term.

Section 4017 of the Revised Statutes is repealed, also the amendment theretofore made thereto, which would include the amendment of April 28, 1890.

By the act of March 31, 1892, the act of April 28, 1890, was repealed, but no mention is made of section 4017, of the act of March 15, 1892.

The act of March 15, by its terms, did not take effect till April 1, 1893, therefore the act of April 28, 1890, was still in force when the act of March 31, 1892, was passed, and therefore the repeal of that act was not a mistake.

Was section 4017, as passed March 15, repealed by implication by section 4017, as passed March 31, 1892?

Section 4017, of March 15, provides that "each board of education shall have the management, etc., of public schools, etc., with full power of appointment, etc., and to fix salaries or pay."

Section 4017, of March 31, provides that "The Board of Educa-

tion of each district shall have the management," etc., of public schools, etc., with full power of appointment, etc., and to fix salaries or pay.

Section 4017, of March 15, provides, "which salaries or pay may be increased, but shall not be diminished during the term for which the appointment is made."

Section 4017, of March 31, provides "which salaries or pay shall not be either increased or diminished during the term for which the appointment is made."

The remaining provisions of section 4017, of March 15, are re-enacted in section 4017, of March 31.

While repeals by implication are not favored in law, yet it is clear, under the rule laid down in 10. Ohio St. 27, section 4017, of the act of March 15, is repealed by implication by the act of March 31. The court say that repeals by implication " will not be recognized unless the repugnancy between the prior and subsequent act of legislation be necessary and obvious, and so great that the two cannot be reconciled by any fair course of reasoning." *Ib.*

In the case of "*The India,*" Browning & Lushington Rep. 221, the court say, on page 224, that " The prior statute would be repealed by implication, if its provisions were wholly incompatible with a subsequent one, or if the two statutes together would lead to wholly absurd consequences, or if the entire subject-matter were taken away by the subsequent statute."

And under the rule laid down in 39 Ohio St. 653, it would seem that section 4017, of March 15, was repealed by the act of March 31, 1892.

I cannot see that the fact that the act of March 15, 1892, did not take effect till April 1, 1893, would in any way effect the application of these rules of law.

The act of March 31, 1892, therefore became section 4017, of the Revised Statutes, and applicable to all districts, excepting such districts especially provided for by sections 3897 and 4018. (39 Ohio Laws, 653).

It is claimed the act of March 31, 1892, is rendered unconstitutional by reason of the provisions made with reference to Darke county.

It seems to me that this provision is so entirely separable from the other provisions of the act, that even if this provision should be unconstitutional, it would not effect the other provisions of the act.

The obnoxious feature of the statute is entirely distinct from the other provisions of the act, both in its purpose and in its subject-matter.

There clearly was reason, other than these provisions as to Darke county, for the passage of the act. The act of March 15 contained no provision as to manner of voting, which is provided for in this act. The act of March 15 provided that the salaries may be increased but not diminished during the term, while this act provides that the salaries shall not be either increased or diminished during the term. The act of March 15, by its title is made applicable to township districts, and it might be claimed that sec. 4017 under that act would apply only to township districts. But that section is the only section in the Revised Statutes conferring power on boards of education to appoint superintendents, and is the section that confers general power to appoint teachers, etc.,—sections 3897 and 4018, containing special provisions—and it may have occurred to the legislative mind that it would not do to make the section apply exclusively to township districts.

I think under the rule laid down in 31 Ohio St. 343, 344, the provisions of this statute, other than contained in the last sentence, are constitutional, even though the provisions of the last sentence are unconstitutional.

The provisions of section 4017, as enacted March 31, were not complied with by the board, when the board attempted to pass the resolution to appoint the plaintiff as teacher.

Such requirements are mandatory, and failure to comply is fatal to the claim of the plaintiff. 29 Ohio St. 422; 49 Ohio St. 463, 474; *Board of Education* v. *Best*, 51 Ohio St. —, (23 W. L. Bull. 102).

If the requirements are mandatory, failure to comply cannot be excused on the ground that compliance would be a vain thing; that which is mandatory on the part of a board, must be complied with; it is not left to any discretion of the board.

The State Commissioner of Common Schools, in his report of August, 1892, prints the act of March 15, 1892, including section 4017, as therein enacted, as the law in force. He makes no reference to section 4017, as amended March 31. Counsel argue that the act of March 31 was enacted to be in force till the act of March 15 should by its terms take effect, to-wit; April 1, 1893, but even on this theory the act of March 31 was in force when this report was issued, and would be in force for almost the entire next school year. In the report of 1893 he refers to the original section of 1873 as not being changed. In the school laws published by the school commissioner in 1893, the act of March 15, 1892, is printed as the existing law.

While the construction given to the statutes relating to public schools by the State School Commissioner is entitled to weight, yet I can only say that I cannot agree with him in this matter.

The judgment will be for the defendant.

*H. P. Lloyd* and *A. N. Paxton*, for plaintiff.

*Brown, Branden & Burr*, for defendant.