Minshall, J.
The point made on the demurrer is that the agreement for the breach of which the action is brought, was made to hinder and delay creditors, and no action will lie for the breach of it. There is no averment in the petition from which it can be inferred that it was made in con- *570 temptation of insolvency. If that were so, then there is no question but that under section 6343, Revised Statutes, it would have inured to the benefit of all the plaintiff’s creditors; and the only remedy she would have had, in such a case, would have been to have caused it to be administered, by the appointment of a proper trustee, in the probate court of the county. The agreement attached to the petition tends to suggest that it was made under such circumstances; but in the absence of a positive averment or admission of that kind, a court would hardly be warranted in drawing such inference from it. But though the mortgage was not made in contemplation of insolvency, still does it not appear from the agreement of the parties, that it was made to hinder and delay creditors, within section 6344,‘Revised Statutes, as claimed by the demurrant? We think it does, and that no action will lie on behalf of the plaintiff for the breach of it for this reason.
Prom the petition it appears that the plaintiff, at the time named, made and delivered a chattel mortgage on her stock of goods, and on the furniture and fixtures, in her store in Mansfield, Ohio, to Roeliff Brinkerhoff, in trust for certain of her creditors, among whom was the Mansfield Savings Bank, its claim being about $5,300. By the agreement made at the same time, the property so mortgaged was placed in the possession of the mortgagee, to be disposed of at retail in the usual vay, he employing certain persons named to attend to the business. The business was to be so run until enough should be realized from the sale of the property to pay the claim of the bank, and the other preferred creditors, and then, if satisfactory, to her other creditors, it was to be con *571 tinued until enough had been realized to pay all her other creditors ; and for any balance he was to account to her. The property so mortgaged to the trustee Brinkerhoff, is averred to have been of the cash value of $25,000 and double the value of all her indebtedness. It is also averred that she had a large amount of real estate in addition to the property so transferred, but it is not averred that it was sufficient to satisfy the claims of her other creditors. ■ Now what was the necessary effect of this mortgage as to the creditors, not provided for in it. If the mortgage, as to them, was a valid one, they could not touch a dollar of the property covered by it, until the preferred creditors were paid, although the value of the property was double the amount of all her indebtedness. As to this property they could take no steps to subject it to their claims, during the continuance of the trust. The legal effect of this mortgage was, then, to hinder and delay her other creditors, in any effort to obtain from any part of the property included in the trust mortgage, satisfaction of their claims — although largely in excess of the claims of those preferred by it. It is not like the case where a debtor, in failing circumstances, prefers a creditor by executing to him a mortgage on property as a security for his debt. This may be done. Cross, Trustee, v. Carstens, 49 Ohio St., 548. But in such case the mortgage must be directly to the creditor, and not to another for his use ; and the creditor must deal with an eye single to his own interests. Dickson v. Dawson, 5 Ohio St. 218; Pendery v. Allen, 50 Ohio St., 121. Here the mortgage is to a trustee for the use and benefit of certain of the creditors of the mortgagor — and all others are hindered and *572 delayed with respect to the property mortgaged, until the favored creditors are satisfied by the execution of the trust. If what a debtor does in disposing of his property necessarily tends to hinder and delay his creditors, the law presumes that his intention corresponded with his act, and adjudges all such acts as contrary to its policy. A court in such case can afford him no relief from the consequences of his act, nor sustain any action in his favor founded on any agreement in regard to it. Trimble v. Doty, 16 Ohio St., 118; Pride v. Andrew, 51 Ohio St., 405; Emery v. Candle Co., 47 Ohio St., 321. As said by Boynton, J., in McCortle v. Bates, 29 Ohio St., 419: “It is one of the oldest rules of the common law, that contracts contrary to sound morals, or against public policy, will not be enforced by courts of justice — ex facto illicito ‘non oritur actio / and the court will not enter on the inquiry, whether such contract would, or would not, in a given case, be injurious if enforced. It being against the public interest to enforce it, the law refuses to recognize its claim to validity.”
The legal duty of the trustee, Brinkerhoff, was, under the circumstances disclosed by the petition, to have filed the agreement with the mortgage in the probate court, and have had the trust administered as an assignment for rhe benefit of all the creditors of the plaintiff; for such, in law, was its legal effect. But neither he nor the prefer led creditors were under any legal duty to the mortgagor to carry out the agreement. And whatever right of action accrued from the course puisued by them, accrued to the creditors and not to Mrs. Harrison.

Judgment of the circuit court reversed, and that of the common pleas affirmed.