[Civ. No. 286.   Third Appellate District.—July 10, 1907.]

## ANNIE McGINN, Appellant, v. CHARLES WILLEY and ADOLPH A. JACOBS, Respondents.

CONTRACTS—VALIDITY—PUBLIC POLICY—PRIVATE AGREEMENT OF SCHOOL TRUSTEES TO EMPLOY TEACHER—UNTENABLE ACTION FOR BREACH.— A private agreement by the members of a board of trustees of a school district, to employ a particular teacher at a fixed salary, is against public policy, and where the trustees when assembled as a board repudiated it, by employing another teacher, the teacher having such private contract is without redress, and an action to recover damages for its breach is not tenable.

APPEAL from a judgment of the Superior Court of Tuolumne County.   G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

J. F. Rooney, for Appellant.

E. W. Holland, for Respondents.

BURNETT, J.—The action is for damages for the violation by defendants of their agreement to employ plaintiff as teacher in the primary department of the public school of the Poverty Hill school district, Tuolumne county. The appeal is from a judgment of dismissal upon failure to amend the complaint after order sustaining a demurrer.

The complaint alleges: "That the said defendants as trustees of the said Poverty Hill School District, on the 1st day of July, 1905, and at other times prior thereto, promised and agreed to employ this plaintiff to teach the pupils who might attend the primary department of the public school of the said Poverty Hill School District for the ensuing term, commencing on or about the 11th day of September, 1905, and ending on —— day of June, 1906, at the salary of sixty dollars per month." Then follow the averments that plaintiff agreed with said defendants to teach said school upon said terms and that she made her application on said date to the board of trustees to be appointed to said position, and "That the said defendants, on the said first day of July, 1905, without any cause or justification, disregarded and violated their said agreement made with this plaintiff as aforesaid and refused to appoint this plaintiff as the teacher to teach said department, and the said defendants then and there appointed Laura Hartvig to teach said primary department."

It is clear that the court below properly sustained the demurrer to the complaint. The agreement upon which plaintiff relied is against public policy and void. If the trustees of a public school district in their individual capacity agree with a person to employ him as teacher, and afterward in regular session as a board of trustees they repudiate or disregard their agreement and employ someone else, the former person is without redress. The matter is well stated in *McCortle* v. *Bates,* 29 Ohio St. 419, [23 Am. Rep. 758] : "Clothed with such powers, and charged with such duties and such responsibilities, it will not be permitted to them to make any agreement among themselves, or with others, by which their public action is to be, or may be, restrained or embarrassed, or its freedom in anywise affected or impaired. The public for whom they act have the right to their best judgment after free and full discussion and consultation among themselves of and upon the public matters intrusted to them, in the session provided for by the statute. This cannot be when the

members, by pre-engagement, are under contract to pursue a certain line of argument or action, whether the same be conducive to the public good or not.   It is one of the oldest rules of the common law that contracts contrary to sound morals, or against public policy, will not be enforced by courts of justice, and the court will not enter on the inquiry whether such contract would, or would not, in a given case, be injurious in its consequences if enforced.   It being against the public interest to enforce it, the law refuses to recognize its claim to validity."

The party who brings an action for damages for the violation of such an agreement is in no better position than one who should sue for specific performance.   In either case the law leaves the parties where it finds them.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.