[Sac. No. 4390. In Bank.—August 17, 1931.]

MODESTO INVESTMENT COMPANY (a Corporation), Appellant, v. MODESTO CITY SCHOOL DISTRICT et al., Respondents.

Dennett & Zion and T. B. Scott for Appellant.

R. R. Fowler, District Attorney, Griffin & Boone, Brown & Chamberlain and L. J. Maddux for Respondents.

PRESTON, J.—Action for specific performance of written contract with prayer for damages as alternative relief.

A trial was had; findings and judgment were made in favor of defendants; plaintiff appealed. The several individual defendants constituted the board of education of the city of Modesto as of July 16, 1926. This board is made by law the governing body of a series of school districts of various kinds, centering about the city of Modesto. "Modesto City School District" is also made a party defendant and the existence of such an entity is questioned, but it is not necessary to pass an opinion upon this contention.

It is a fact that in the fall of 1925 the then board of education of said city favored the idea of purchasing as a school site some thirty-eight acres of land, known as the Dry Creek site, near Modesto, and to that end, at a special meeting held October 7, 1925, all being present, they resolved to purchase this site at the price of $600 per acre and appointed two of their number as a committee to arrange the purchase. Admittedly there was then no fund available from which the purchase price might be taken. However, certain public spirited citizens, acting with said committee, decided to make the site available when funds for the purchase should be in existence and to that end they found it advisable to take over at once the title to said property. To do this, it was necessary that these citizens subscribe $10,000, which they did, taking a deed in the name of plaintiff corporation, which in turn gave a trust deed on the property to the original owner for $12,800, representing the balance due on the purchase price.

Seeking to give the board power to acquire said property at cost, plus carriage charges, plaintiff and said board executed a written agreement, which, in substance, provided that each recognized that no funds were available at the time for the purchase of said property, but that funds should

be created, either by a tax levy or by a bond issue or by an election within one year; therefore, plaintiff agreed to hold the property for the use of said board and to protect the title by payment of taxes and other costs and the board agreed on its part to raise the necessary funds within said period of one year to pay for it. It was further planned from such funds so raised to reimburse the citizens who had advanced or who might thereafter advance money in order to hold said property available. This contract was executed on or about November 2, 1925, and a deed from plaintiff to the "Modesto City School District" was drafted and placed in escrow.

The board of education of said city as then constituted took possession of said property as its own and exercised dominion over it by leasing it at the rate of $750 per year and received a portion of said rents. Likewise, out of a fund known as the "Book Fund" it refunded to one of said citizens the sum of $2,000 advanced by him. Said board also undertook faithfully to carry out its covenants. It first caused a bond election to be held in June of 1926, which would have produced sufficient funds to buy and improve said site as high school property. This proposition was defeated. Later, and on June 30, 1926, pursuant to section 1612a of the Political Code, it prepared its annual budget for the year 1926–1927 and among other things included therein an item of $25,000 designed to absorb this contract and secure unencumbered title to this school site.

During this period the political winds began to blow fiercely, bringing a recall election against three of the principal members of said board. On July 14, 1926, the election was held and the said three members were decisively recalled. The vacancies caused by their recall were filled on or about July 16, 1926, by the three first-named individual defendants in this action. Said board, as newly constituted, and within the period allowed by said section of the Political Code, acting with the co-operation of the county superintendent of schools, recalled the budget of its predecessors filed on June 30th and caused an amended budget to be filed on July 31, 1926, which last-mentioned budget specifically eliminated the $25,000 item above referred to and failed to include any substitute item whatsoever for the purchase of school sites.

As a result of this situation not only were there no funds available to carry out said contract for the fiscal year 1925–1926, but likewise, the same condition existed for the year 1926–1927. Following the said action of the new board, plaintiff and the citizens represented by it immediately became concerned as to the validity and enforceability of their said contract and in 1927 this action was instituted.

The discussion in the briefs covers a wide range. Although the equities are strongly with the plaintiff and those who advanced moneys on the faith of the action of the board, we can see no legal ground upon which the court would be authorized to give them relief. The contract over and over acknowledges, and the facts show without dispute in accord with the findings of the court that no funds were available during either of said fiscal years for the making of this purchase.

If the agreement be deemed a binding obligation to purchase, whether it was to be completed in the year 1925–1926 or in the year 1926–1927, the absence of available funds for the purpose renders is unenforceable because it is forbidden by the express terms of the constitutional provision. (Art. XI, sec. 18; *Mahoney* v. *San Francisco,* 201 Cal. 248 [257 Pac. 49]; *San Francisco* v. *Boyle,* 195 Cal. 426 [233 Pac. 965]; *Arthur* v. *City of Petaluma,* 175 Cal. 216 [165 Pac. 698].) There is no feature of the contract which removes it from the operation of said provision. For a discussion of such cases see *California Pac. etc. Co.* v. *Boyle,* 209 Cal. 398 [287 Pac. 968], *Mahoney* v. *San Francisco, supra,* and *Chester* v. *Carmichael,* 187 Cal. 287, 294 [201 Pac. 925].

If the agreement be construed as an effort to bind the board of education to a particular line of official action toward a predetermined result, it is obviously void as being against public policy.

Freedom of action when transacting public business presupposes that such officers may counsel with each other to reach a proper conclusion without being hampered or fettered by any previous contract which one or all may have entered into. (*McGinn* v. *Willey,* 6 Cal. App. 111, 112 [91 Pac. 423].)

The latter observation disposes of the claim that a relation of trust arose between the parties by reason of said contract and likewise disposes of the contention that by failing

to act in accord with such contract a personal liability arose in favor of plaintiff and against such individual officers.

The judgment is affirmed.

Seawell, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.