[Civ. No. 5560. Third Appellate District.—March 26, 1936.]

EMILIA J. BARNHARDT, Respondent, v. C. T. GRAY et al., Appellants.

M. C. Kerr and A. M. Mull, Jr., for Appellants.

A. B. Reynolds and S. H. Jones for Respondent.

THE COURT.—This is a motion to dismiss an appeal from a writ of *mandamus* which was issued declaring the status of a teacher in the Laws School District to be that of a permanent teacher in that school and directing the payment of her salary. The motion to dismiss the appeal is made under the

provisions of rule V, section 3 of the Rules for Supreme Court and District Courts of Appeal on the ground that the appeal was taken merely to delay and that the issues are unsubstantial, having been conclusively determined by the law.

We are unable to say from the record that the appeal is without merit, and the motion to dismiss should therefore be denied. Nor should the writ be affirmed without giving the respondent an opportunity of filing her brief and presenting her cause on appeal.

June 14, 1930, Emilia J. Barnhardt was employed for the ensuing year by the Laws School District of Plumas County, by written contract, as a teacher of elementary grades therein. The contract provided that she was hired as a "permanent employee". In May, 1931, she was re-employed in the same capacity for the ensuing year by a similar written contract containing the same provision that she was classified as a "Permanent employee". The classification in these two contracts as a permanent employee was premature and ineffectual. The school had a daily attendance of less than 850 pupils. The school district was represented at all times by a board of trustees consisting of three members.

It appears that for two years following the employment of the teacher by written contract as previously recited, the school board never held a meeting. Both Mr. English and Mr. Hartley, who were then trustees, testified to that fact. There is no conflict of evidence on that subject. It is true that prior to the beginning of the school years of 1932–1933 and 1933–1934, two of the trustees did confer unofficially outside of a regular school board meeting, and agreed orally to re-employ the teacher for the last-mentioned two years "as a permanent teacher" of the district. No record of any meeting of the school board appears during that period of time, and no record of the designation of the teacher as a permanent employee was made. For four consecutive years Mrs. Barnhardt successfully taught elementary grades in that school. In May, 1934, a regular meeting of the school board was called and a resolution was then passed and signed by all of the members of the board dispensing with the services of Emilia J. Barnhardt as a teacher in that school. She then instituted this proceeding for a writ of *mandamus* to determine her status as a permanent teacher of the school district. The peremptory writ was granted and she was thereby de-

clared to have attained the status of a permanent employee of the district. From that decree the school district has appealed. After the appellants' opening brief on appeal had been filed, this motion to dismiss was made.

Section 5.501 of the School Code was enacted and became effective August 14, 1931. (Stats. 1931, p. 1394.) At that time Mrs. Barnhardt had not attained permanent tenure as a teacher in the Laws School District. ■ That section requires affirmative action of the school board after an employment of three consecutive school years to classify a teacher as a permanent employee. This action was not taken by the school board in the present case. The board did not hold a meeting during that period for that or any other purpose. The section provides in that regard:

"5.501. Every employee of a school district of any type or class, having an average daily attendance of less than 850 pupils, who, after having been employed by the district for three complete consecutive school years in a position, or positions, requiring certification qualifications and is reelected for the next succeeding school year to a position requiring certification qualifications, may be classified *by the governing board of the district* as a permanent employee of the district. If said classification be not made the employee shall not attain permanent status and may be reelected from year to year thereafter without becoming a permanent employee until said classification is made."

Where a school district has a daily attendance of 850 or more pupils, a different rule applies under the provisions of section 5.500 of the School Code. Under such circumstances when a teacher is re-employed after three consecutive years of service in the same school, he is deemed to have been automatically classified as a permanent teacher therein. (*Gastineau* v. *Meyer*, 131 Cal. App. 611 [22 Pac. (2d) 31]; *Sherman* v. *Board of Trustees of Siskiyou Union High School District,* 9 Cal. App. (2d) 262 [49 Pac. (2d) 350].) In the present case, however, it is undisputed that the school district had a daily attendance of less than 850 pupils.

Section 5.400 of the School Code confers the authority upon "boards of school trustees" to employ teachers requiring certification qualifications. Section 5.501 of the same code authorizes the "governing board of the district" only to classify teachers as permanent employees of a school having

a daily attendance of less than 850 pupils. ▮ It necessarily follows that the informal agreement of members of the school board to that effect outside of a regular school board meeting, is ineffectual to confer upon the teacher permanent tenure. In the case of *Cloverdale Union High School District of Sonoma County* v. *Peters,* 88 Cal. App. 731 [264 Pac. 273], it was said in that regard:

" 'Where power to employ a teacher is in a school board, a valid contract with a teacher cannot be made by members of the board without a meeting and formal action.' (24 R. C. L. 615; Pol. Code, sec. 1607, subd. 1; *McGinn* v. *Willey,* 6 Cal. App. 111 [91 Pac. 423] ; *Ryan* v. *Humphries,* 50 Okl. 343 [150 Pac. 1106] ; L. R. A. 1915F, p. 1047, and note.) "

For the reason that it appears no formal action of the board of school trustees of the Laws School District was ever taken, and that the teacher was merely informally accepted by two members of the board outside of a board meeting as a permanent employee, we are unable to say there is no merit in this appeal.

The motion to dismiss the appeal or affirm the judgment is denied.