SAMUEL FRYER v. RICHARD D. NORTON, MAYOR OF THE BOROUGH OF HIGHTSTOWN, AND THE COMMON COUNCIL.

Argued November 6, 1901—Decided December 2, 1901.

Under the Borough act of 1897 (*Pamph. L.,* p. 285), the mayor is not empowered, without the concurrence of the common council, to accept the resignation of a councilman so as to create a vacancy.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the prosecutor, *Aaron V. Dawes.*

For the defendants, *Linton Satterthwait.*

The opinion of the court was delivered by

DIXON, J. In March, 1901, the prosecutor was elected a councilman of the borough of Hightstown for the term of three years. On August 14th, 1901, he addressed to "Hon-

orable mayor and councilmen" of the borough his resignation "as a member of your body," which resignation was handed to the mayor, while presiding in the council, was then delivered by the mayor to the clerk to be read to the council, and, it having been read, a motion not to accept the same was put and carried. Between that date and October 1st no meeting of the council was held. On September 30th the mayor sent to the prosecutor written notice that he, as mayor, accepted the resignation, and at the meeting on October 1st he informed the council of his action, and nominated a resident of the borough to fill the vacancy. The council refused to confirm the nomination, and voted that the prosecutor be still considered a member of the council. The prosecutor was present at that meeting, but the mayor, as presiding officer, directed the clerk not to call his name upon the call of the roll.

This writ of *certiorari* is prosecuted to set aside the action of the mayor at that meeting, on the ground that the mayor had no right to accept the resignation, and hence the prosecutor is still a member of the council. No objection is made to the form of the remedy, and without considering that point, we will proceed to decide the real controversy.

The general rule is that the resignation of a municipal office, to become complete, must be accepted by the authority having power to fill the vacancy thereby created. *Reeves* v. *Ferguson,* 2 *Vroom* 107; *Whitney* v. *Van Buskirk,* 11 *Id.* 463.

The Borough act of 1897 (*Pamph. L., p.* 285) has two clauses relating to the power of filling vacancies. One, in section 3, declares that "the mayor shall nominate and, with the advice and consent of the council, shall appoint all officers in this act directed to be appointed, including the filling of vacancies in elective offices;" the other, in section 26, provides "that no ordinance shall be finally passed, no officer appointed or removed or salary fixed, except by the vote of a majority of the whole council."

On behalf of the mayor it is contended that the third section confers upon the mayor alone the power of *appointment,* the power of the council being limited to *advice and consent,* and that the twenty-sixth section merely indicates the vote by

which the council is to give its advice and consent. But this view scarcely fulfills the language of section 26, which is that the officer must be *appointed* by the vote of a majority of the council.

It is not, however, to the *appointing* power, using that term in the narrow sense contended for, that, according to the rule, the power of accepting the resignation is committed; such power is entrusted to the body or officer authorized to *fill the vacancy*. And the reasoning on which the rule rests is that it is important for public interests that the office should be continuously filled, and if the power of discharging the incumbent be confided to the body empowered to fill the vacancy, there is least likelihood of harmful interruption in the performance of municipal duties.

Construing the rule in accordance with this purpose, it seems clear that the concurrence of the mayor and a majority of the whole council should be, and is, required, under this Borough act, to accept the resignation of a borough officer, for such concurrence is necessary to fill the vacancy. On this ground we conclude that the prosecutor still holds the office of councilman.

The same conclusion may be rested on a different basis.

A resignation, to be complete, implies the consent of the incumbent. The resignation tendered by the prosecutor was to the mayor and council, and, on its face, stated that acceptance by the body thus composed was requested. When received, it was so understood by both the mayor and the council, and by them acceptance was refused. No act or word on the part of the prosecutor indicates that he purposed to vacate his office without the concurrence of the body in which he was a member, and when that body expressly refused to concur, he had a right to regard his attempt at resignation as ineffectual and ended. The subsequent action of the mayor alone should, therefore, be considered as lacking the assent of the prosecutor, and as not a compliance with the condition on which he was willing to surrender his place.

The action of the mayor now under review should be adjudged illegal and annulled.