[Civ. No. 4806.   Third Appellate District.—May 4, 1933.]

CHARLES L. GASTINEAU, Respondent, v. F. A. MEYER et al., as School Trustees, etc., Appellants.

Virgil M. Airola, District Atttorney, and Foltz, Rendon & Wallace for Appellants.

George Wadsworth and Charles H. Vance for Respondent.

THOMPSON, J.—Upon hearing of a petition for a writ of *mandamus* the court found that this respondent was a permanent teacher in the Calaveras Union High School District in the school year of 1931–1932, and that he is entitled

to the annual salary of $1900, as compensation for services performed during that school year, payable in ten equal installments of $190 each, beginning with September, 1931. A decree and writ of *mandamus* was accordingly issued, directing the board of trustees to pay petitioner that salary. From this decree the trustees have appealed.

The respondent was regularly employed by the board of trustees of the Calaveras Union High School District in June, 1925, as principal of that school, with the requirement that he was also to teach certain designated subjects each day, at a salary of $2,600 a year. The school had an average daily attendance of less than 850 pupils. The respondent was employed in the same capacity from year to year to and including the school year 1930–31 at an increase of salary, which finally amounted to the annual sum of $2,850 for the last-mentioned year. As a part of his duty, he was required by the board to, and did, regularly teach several subjects, consuming three class periods each school day during the entire time he served that school as principal. June 10, 1929, he was served with a written notice of re-employment, signed by the clerk of the board of trustees, which recited, in part:

"You have been classified by this board as a permanent employee, under Section 1609, Third Political Code, subject to acceptance of this offer."

This offer of employment was duly accepted by the respondent. A similar notice of re-employment and classification was served upon him in 1930. In May, 1931, the respondent was served with a conditional notice of employment, reading in part:

"Notice is hereby given you that if you are a permanent employee of the Calaveras Union High School District according to law you are required to do the following:

"1. Teach Algebra I, Algebra II, Plane Geometry, English II, Section of boys Physical Education, Mechanical Drawing I, and such other subjects or courses as may be added thereto. . . .

"And notice is hereby further given you that said board of trustees has never employed you as a teacher and that you have never been and are not entitled to classification as a permanent employee, . . .

"And notice is hereby further given that said board will not pay out any salaries until it appears that it is legal to do so and that the salary of such person lawfully performing the above mentioned duties under employment of the board will be $190 per month for not to exceed ten school months."

Pursuant to this notice, the services of the respondent as principal and superintendent of the school were terminated. He, however, continued to teach in that school all of the subjects required of him by the board as above specified. His salary of $1900 was paid for the year 1930–31. He was then notified that his services as a teacher were no longer desired. No charges were preferred against him. He was at all times duly qualified by the possession of necessary credentials and certification to serve as such teacher in that school. Having held himself in readiness to perform his services as a permanent teacher in that school, he demanded that he be assigned to the proper department, and that his salary therefor be paid. This was refused. Thereupon this petition for a writ of *mandamus* was filed.

The question which is involved on this appeal is whether a duly qualified teacher who is formally employed by a board of trustees as a principal and superintendent of a school, but who, as a part of his duty, is required to, and actually does, also teach regularly in that school continuously for more than three successive years, is entitled under the Teachers' Tenure Act to classification as a permanent teacher of the school.

The appellants assert that, (1) the respondent was hired solely as a principal and that pursuant to the provisions of section 5.502 of the School Code which was adopted in 1931, providing that "No person employed in an administrative or supervisory position . . . shall be classified as a permanent employee," he was not entitled to classification as a permanent teacher; (2) he lost any right which he may have acquired by virtue of previous service in actually teaching in the school by the repeal of sections 5.500 to 5.502, inclusive, of the School Code in 1931 with relation to permanent tenure, without including in the repealing act a saving clause; (3) the enactment of the new section 5.501 in 1931 made it optional with boards of trustees in schools "having an average daily attendance of less than 850

pupils'' to award permanent tenure, and that since no affirmative action was taken by the board to classify respondent as a permanent teacher he is not entitled to permanent tenure.

During the entire time the respondent was employed in the Calaveras school he was qualified not only as a principal but also as a teacher. The board was without legal authority to employ him as a principal unless he held a valid teacher's certificate. (Sec. 5.430, School Code.) During the entire six years that he was employed in that school he was engaged regularly in teaching therein in addition to his services as principal. Until the close of the school year in 1930 he regularly taught in classrooms at least three periods each day. After that time, when he was relieved of his duties as a principal, he devoted his entire time to teaching. We are, therefore, persuaded the petitioner did automatically acquire the status of a permanent teacher in that school before the amendment of section 5.501 of the School Code was adopted, in which section for the first time the board of trustees was vested with an option to grant or refuse to classify a teacher in schools of less than 850 pupils as a permanent employee. In the amendment of section 1609 of the Political Code, section 5.502 of the School Code was adopted with relation to teachers' tenure (Stats. 1927, p. 1913, sec. third [e] whereby boards of school trustees were authorized:

''To classify as permanent employees *all persons,* except those hereinafter specified, who shall have been successfully employed by the district for two or three complete consecutive school years in positions requiring certification qualifications. . . . No person employed in an administrative or supervisory position requiring certification qualifications shall be classed as a permanent employee *other than as a classroom teacher.*''

Substantially the same inhibition with relation to classification of administrative and supervisory officers, together with the same exception thereto, was re-enacted in section 5.501 of the School Code in 1929.

The language of this statute clearly implies that, while one engaged solely in an administrative or supervisory capacity may not be classified as a permanent principal, yet if at the same time he also successfully performs the re-

quired services as a teacher, he is nevertheless entitled to permanent tenure "as a classroom teacher". Any other construction of the law would render the language of the exception above quoted meaningless. Moreover, any other construction of the statute would render the act discriminatory against teachers as a class, and, therefore, void. We are satisfied the law does not authorize permanent classification as a principal or supervisor, but that the act does guarantee permanent tenure to all other employees, including classroom teachers who have been successfully employed by the district for two or three complete consecutive school years in positions requiring certification qualifications, in spite of the fact that such employee may have been primarily hired as a principal and actually devotes a part of his time to the performance of the duties of that officer. Since the respondent was qualified as a teacher and actually engaged in teaching for the required length of time and in strict compliance with the requirements of the statute, he certainly should not be deprived of his vested right to permanent tenure as a teacher merely because he also performed other services at the same time. The petitioner is not claiming he is entitled to permanent tenure as a principal of the school, but is insisting that he has automatically attained the status of a permanent teacher therein. In that contention we think he is correct.

██ Having served the Calaveras Union High School District as a teacher in strict conformity with the requirements of the law for more than three consecutive school years next preceding the adoption of section 5.501 of the School Code in 1931, which section for the first time conferred upon the boards of trustees of districts having an average daily attendance of less than 850 pupils the option to determine whether an employee should be awarded permanent tenure, the petitioner automatically became entitled to classification as a permanent classroom teacher by operation of law. After attaining that status the board had no power to deprive him of his vested right to permanent tenure. (Sec. 5.500, School Code; *Owens* v. *Board of Education*, 68 Cal. App. 403 [229 Pac. 881, 882]; *Chambers* v. *Davis, ante*, p. 500 [22 Pac. (2d) 27].) Section 5.500 of the School Code, following section 1609 of the Political Code, provides:

"Boards of school trustees . . . shall have power *and it shall be their duty* to classify as permanent employees all persons . . . who shall have been successfully employed by the district for two or three complete consecutive school years in positions requiring certification qualifications."

In the Owens case, *supra,* the court says:

"Thus a 'probationary' teacher is reelected and re-employed annually until entitled to classification as a 'permanent' teacher, and the board of education is required to report the employment of such teacher annually to the county superintendent. This in itself is sufficient to meet the terms of the statute and the teacher thereby becomes automatically classified as a permanent teacher at the end of two years of successful service."

Unless this construction of the tenure law as it existed prior to the enacting of the optional provisions of section 5.500, *supra,* is adopted, the very purpose of the law would be defeated. There would then have been no necessity for enacting the optional provisions of section 5.500. ■ Any other construction of the law would give the trustees power to defeat permanent tenure by wilfully refusing to formally so classify employees, or their tenure might be defeated by negligence in the performance of the mere ministerial duty of the board. We are therefore of the opinion that formal classification as a permanent teacher was not necessary. Upon the contrary the respondent was automatically classified as a permanent teacher by operation of law.

■ Assuming that petitioner automatically attained permanent tenure prior to August 14, 1931, at which time the repeal of sections 5.500 to 5.502 of the School Code, as they then existed, occurred, that status was not lost by virtue of failure on the part of the legislature to adopt, as a part of the repealing act, a saving clause. The legislature did repeal sections 5.500 to 5.502 of the School Code, which provisions were a part of chapter III, article I, of that code. But as a part of the same repealing act, under the caption "Article I—Permanent" (respecting teachers), section 5.500 was re-enacted in substantially the same language in which it formerly existed. Following this provision a new section, numbered 5.501, was enacted, which contains the optional authority regarding the classification of permanent employees in schools having an average daily attendance of less than 850 pupils. The subject matter of the two succeed-

ing sections, as amended, has no application to the present litigation. Section 5.504 then follows as a part of the same amendment to article I, section III, of the act, which reads:

"Nothing in this article shall be construed as affecting any permanent employee classified as such at the time this section takes effect, nor shall any decrease in the average daily attendance of any school district operate to deprive any permanent employee of the district of his classification as such."

This section was intended as a saving clause to preserve vested rights of permanent employees whose tenure had been previously acquired pursuant to the provisions of section 1609 of the Political Code, or section 5,500 of the School Code as it formerly existed.

It is a well-settled doctrine of law that when a statute is repealed without a saving clause, and as a part of the same act the law is simultaneously re-enacted in substantially the same form and substance, all rights and liabilities which had accrued under the former act will be preserved and enforced. (25 R. C. L. 934, sec. 186; *Perkins Mfg. Co.* v. *Clinton Const. Co.,* 211 Cal. 228, 237 [295 Pac. 1, 75 A. L. R. 439].) The author of Ruling Case Law, above cited, says:

"Where a statute is repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment neutralizes the repeal, and the provisions of the repealed act which are thus re-enacted continue in force without interruption, so that all rights and liabilities that have accrued thereunder are preserved and may be enforced."

Nor is the act unconstitutional on the ground that section 5.501, which was adopted in 1931, discriminates unlawfully between schools having an average daily attendance of less than 850 pupils and those schools which have a daily attendance of a greater number of pupils. (*Grigsby* v. *King,* 202 Cal. 299 [260 Pac. 789]; *Morris* v. *Board of Education,* 119 Cal. App. 750 [7 Pac. (2d) 364, 8 Pac. (2d) 502].)

Moreover, the last-mentioned section was enacted after the petitioner in this case had acquired permanent tenure by operation of law, and for that reason it could in no way affect his vested right to the enjoyment of that status.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 3, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 30, 1933.