[Civ. No. 5150.   Third Appellate District.—November 13, 1934.]

THOMAS V. EISENHUTH, Respondent, v. DEPARTMENT OF MOTOR VEHICLES et al., Appellants.

208

U. S. Webb, Attorney-General, Emmett J. Peterson, Deputy Attorney-General, and John A. McGilvray for Appellants.

Elliott, Atkinson & Sitton and W. A. Latta for Respondent.

PLUMMER, J.—The petitioner above named was awarded a judgment in the trial court directing that he be reinstated as a member of the California Highway Patrol, with permanent status and back salary at the rate of $175 per month. The judgment was entered upon the theory that the plaintiff was occupying the position of a traffic officer on January 1, 1929, and by virtue of subdivision "I" of section 30 of the California Vehicle Act of 1929 was entitled to a permanent status as a member of the California Highway Patrol. From the judgment of the trial court the respondents and appellants appeal.

Section 30 of the California Vehicle Act, approved May 30, 1923, providing for the appointment of traffic officers, incorporated in its provisions an authorization for the Chief

of the Division of Motor Vehicles to enter into a contract with boards of supervisors of the different counties of the state for the appointment of traffic officers to serve in the respective counties, payment of their salaries to be made out of that portion of the funds to which the counties might be entitled to receive under the provisions of the act.

Acting under the provisions of section 30, *supra,* the board of supervisors of the county of El Dorado entered into a contract with Will H. Marsh, the then Chief of the Division of Motor Vehicles of the department of finance of the state of California, for the employment of two traffic officers to serve for the months of September, October and November, 1923, at a salary of $175 per month each. Section 4 of that contract reads as follows:

"The term of employment of said traffic officers and inspectors shall be at the pleasure of the Chief of the Division of Motor Vehicles, but said employment shall be terminated by the Chief of the Division of Motor Vehicles or by said traffic officers or inspectors only upon the expiration of thirty days after a written notice of such effect has been given to the other party; provided, that any traffic officer and inspector may be removed on account of improper discharge of duty without such notice being given him."

The wording of the contract as prepared by the Chief of the Division of Motor Vehicles was mimeographed from a typewritten form. Inserted in a blank in this form were the words "For months of September, October and November, 1923". This insertion appears to have been made by the clerk of the board of supervisors of El Dorado County. No other contract was entered into between the board of supervisors of El Dorado County and the Chief of the Division of Motor Vehicles, but from time to time, up to and including the appointment of the petitioner herein, different traffic officers for the county of El Dorado were appointed, and the parties to the contract continued to act, the board making recommendations, and appointments being made as though the contract contained blanket provisions covering all subsequent recommendations and appointments.

On the part of the appellant it is contended that the contract referred to expired, by reason of the three months' limitation specified therein, on the thirtieth day of November, 1923. Whether the contract just referred to constituted

the basis for subsequent appointments thereafter made, or constituted a subsisting and continuing agreement between the board of supervisors of the county of El Dorado and the Chief of the Division of Motor Vehicles, we think wholly immaterial. ■ A statement contained in the brief of the appellant we conclude correctly states the law as to what would be termed "contracts" under the California Vehicle Act of 1923, to wit:

"It was not stated in the Motor Vehicle Act of 1923 that all contracts entered into between the Chief of the Division of Motor Vehicles and the various boards of supervisors would have to be in writing. Such contracts could be entered into through the acts of the parties and the acceptance by the Chief of the Division of Motor Vehicles of 1924, 1925, 1926, 1927 and 1928 of the recommendations of the Board of Supervisors of individuals to serve as traffic officers in El Dorado County were sufficient to constitute the offer and acceptance necessary to a valid contract. Each appointment of a traffic officer for El Dorado County made subsequent to 1923 was made under a new contract without reference to the original 1923 contract which expired, by its own words, at the end of November, 1923."

This being true, when the petitioner in this case was appointed a traffic officer for the county of El Dorado in May, 1928, he became and was a traffic officer in and for the county of El Dorado pursuant to a contract made, executed and existing between the board of supervisors of said county, and the Chief of the Division of Motor Vehicles.

While mention is made of numerous appointments of traffic officers for the county of El Dorado subsequent to the date of the contract herein first referred to, and the contract of employment of the petitioner, we are not concerned therewith, as this action involves only the right and status of the petitioner as such officer.

■ In 1929, by an act approved May 18th, Statutes 1929, page 617, section 30 of the California Vehicle Act was amended so as to create a division having charge of the enforcement of the act to be known as the "California Highway Patrol." Under the provisions of this section all traffic officers holding positions as such on January 1, 1929, were blanketed into and became members of the California Highway Patrol, or subject to appointment as members of

the California Highway Patrol without civil service examination, and that after serving a year, should acquire a permanent civil service status as members of the California Highway Patrol.

The first question then to be determined is: Was the petitioner a traffic officer appointed by the Chief of the Division of Motor Vehicles on the first day of January, 1929?

The record shows the following: Letter inclosing commission from Frank G. Snook, Chief of the Division of Motor Vehicles, to Elwood Brewster, captain of the traffic squad at Placerville, to wit:

"April 20, 1928. Elwood Brewster, Captain, Traffic Squad, Placerville, California. Dear Sir: In regard to the appointment of an additional traffic officer for El Dorado county, wish to state, Thomas Eisenhuth has been selected from the three names submitted by the Board. I am enclosing herewith his commission which kindly deliver to him; also, advise us the date on which Mr. Eisenhuth commences work and his proper mailing address. Yours very truly, Frank G. Snook, Chief, Division of Motor Vehicles, By ————— Secretary."

.Following the receipt of this letter and the commission, the record shows that the petitioner was duly sworn in as a traffic officer to serve in the county of El Dorado for the compensation of $175 per month.

Our attention has not been called to any limitation as to the time of service for which the petitioner was appointed, nor have we been able to discover any such limitation. The record does show an active service of approximately five months. At the end of September, 1928, it appears that the petitioner was temporarily relieved from active duty. All that appears in the record in relation thereto is the following: "Q. How did you happen to stop your duties? Question by the Court: Did anybody tell you that you were to leave and lay off? A. Well, you (we) were temporarily relieved in the winter months, your Honor, with the understanding that you (we) would go back to work just as soon as conditions would justify, and the roads would be open. Question by the Court: Who gave you notice of your relief? A. Our superior officer, Captain Brewster. Question by Mr. Peterson: What understanding did you say you were given that you would go back to work? A. Well, he

just told me to keep all my equipment and to keep my badge and to be ready to go back to work when they called me.''

The record discloses that the petitioner performed no active duty during the year 1929; that he was not called back to work by Captain Brewster.

On June 6, 1930, the petitioner was assigned to active duty as a traffic officer of the county of El Dorado, under a commission issued to him bearing that date, to wit:

''State of California, Department of Motor Vehicles California Highway Patrol. I, Frank G. Snook, Chief of the Division of Motor Vehicles, in accordance with the provisions of Section 30 of the California Vehicle Act, do hereby appoint, subject to the approval of the directors of the Department of Public Works, Thomas V. Eisenhuth, a state traffic officer of the California Highway Patrol to serve in the County of El Dorado, clothed with the full power to perform all the duties of the office to which I have appointed him.

''Given under my hand at Sacramento, this sixth day of June, 1930. Approved: C. De Saules, Deputy Director, Department of Public Works, Frank G. Snook, Chief, Division of Motor Vehicles.''

Under this commission the petitioner remained in active duty as a traffic officer in and for El Dorado County, during the remainder of the year 1930, and during the years 1931, 1932, and up to and until the twenty-second day of January, 1933, at which date the following letter was addressed by E. Raymond Cato, Chief of the California Highway Patrol, to petitioner:

''January 21, 1933. Mr. T. V. Eisenhuth, 60 Sacramento Street, Placerville, California. Dear Sir: In conformity with Civil Service law, there has been established an eligible list of state traffic officers of the California Highway Patrol, and on January 20, 1933, I received from the Division of Personnel and Organization the eligible list for El Dorado County and was notified by William Brownrigg, Chief of that Division, that temporary authorization employees cannot be justified under the law when an eligible is in existence. Therefore I have appointed an eligible from that list to serve as traffic officer in El Dorado County in the position now held by you, and on January 22, 1933, your

services in the capacity of traffic officer with the California Highway Patrol will cease. Yours very truly, E. Raymond Cato, Chief, California Highway Patrol. (Carbon copy to the District Inspector and to the Captain.)''

The record contains a number of exhibits and testimony relative to the attempt of the petitioner to be reinstated as a traffic officer, given active duty, and also recommendations with regard to taking civil service examination, and also the approval of the civil service commission to the effect that the commission issued by Frank G. Snook was only a temporary appointment. These proceedings, however, are not material to a determination of the rights of the petitioner herein. A reference to the record shows that the commission issued by Frank G. Snook preceded by a number of days any action by the civil service commission; nor is there anything in the commission which indicates a limitation of the term of the appointment. The appointment is expressly made in accordance with the provisions of section 30 of the California Vehicle Act. Going back to the record which we have just set forth, which must be read into and constitute the basis for the appointment, exhibits clearly, as we think, a legal appointment without limitation, and at the expiration of one year thereafter gave to the petitioner a permanent status as such officer, with all the rights and privileges and permanency as though he had taken a civil service examination.

The contention of the appellant that the petitioner was discharged from his duties in 1928 by Captain Brewster is untenable. The law is clear that the authority to remove was vested in the Chief of the Division of Motor Vehicles. There is not a word nor a syllable in the record indicating that Captain Brewster was even given any authority to discharge the petitioner. A release from active duty does not constitute a discharge. There was no limitation of time in the commission appointing the petitioner a traffic officer in 1928, and only being relieved from active duty during the winter months did not deprive him of his status as such officer on January 1, 1929, and by virtue of the act of 1929 to which we have referred, he was automatically blanketed into that class of persons who, when subsequently commissioned and serving one year, would acquire the status contended for by the petitioner in this proceeding. This being

true, the attempted discharge of the petitioner as a traffic officer in January, 1933, is and was wholly void.

That tenure is a vested right is no longer open to question in this state. (*Gastineau* v. *Meyer*, 131 Cal. App. 611 [22 Pac. (2d) 31]; sec. 30, California Vehicle Act, Stats. 1929, p. 617.)

A number of cases have been cited by the respective counsel, but as what we have said is determinative of this action, we agree with the opinion of the learned judge of the trial court, that an extended review of the cases is unnecessary.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 10, 1935.