[Civ. No. 5373. Third Appellate District.—September 24, 1935.]

HELEN N. SHERMAN, Appellant, v. BOARD OF TRUSTEES OF THE SISKIYOU UNION HIGH SCHOOL DISTRICT et al., Respondents.

James A. Nutting for Appellant.

Charles E. Johnson, District Attorney, for Respondents.

THOMPSON, J.—This is an appeal from a judgment denying a petition for a writ of *mandamus* to require the Trustees of Siskiyou Union High School District to reinstate the petitioner as a permanent teacher therein on the ground that she has acquired such status under the Teachers' Tenure Act by having successfully served as a teacher for more than three consecutive school years. The district has a daily attendance in excess of 850 pupils. The petitioner was regularly employed as a teacher in the district in 1928 and served as such continuously for three consecutive school years. It was conceded that she was one of the best teachers the district had. The members of the board were unanimously opposed to the policy of the Teachers' Tenure Act and therefore knowingly reemployed no teachers for more than three consecutive school years so as to permit them to attain tenure.

Mr. A. G. Grant was superintendent of the school district and secretary of the board. He investigated the qualifications of all candidates for application to teach in the school and his recommendations for appointments were usually accepted. At the close of petitioner's employment for the third consecutive school year Mr. Grant asked if she desired to be reappointed and she replied that she did so desire. In response

to this request he wrote her a letter dated May 24, 1931, reading in part:

"I find just one fly in the ointment and that is the question of tenure. Members of the high school board have expressed themselves as opposed to placing any more teachers under tenure and the board passed a resolution by unanimous vote, with all members present, memorializing our representatives in the Legislature to repeal the tenure law.

"The new tenure law will not go into effect until August and specifically provides that all teachers under tenure at the time that it does go into effect shall retain their tenure so the only way out that I can see would be for you to tender your resignation and let it be accepted at the next regular meeting of the board prior to June 10, because if you were reemployed for a fourth year you would become a permanent teacher under the existing tenure law and unless you resign, even failure on the part of the board to notify you by June 10 that your services will not be required for the ensuing year, would amount to reemployment.

"When your resignation is accepted, you will be entirely free to accept employment elsewhere and the board will be entirely free to employ some one in your place. If no one were employed in your place before the new law goes into effect, then I think that the board could select you as well as any one of other applicants that might be candidates for the position and not be compelled to give you the status or classification of a permanent teacher.

" . . . I would suggest that you file your resignation because in any event it would be better to have the records show the acceptance of your resignation than to have them show refusal to reemploy you even though the reason might be the tenure law."

The petitioner testified that she had a subsequent oral conference with Mr. Grant, at which he positively assured her that if she filed the formal resignation she would be reemployed. Being anxious to retain her position, the petitioner consented to this procedure and signed a printed form of resignation prepared and furnished by the board through Mr. Grant. This purported resignation was to take effect only after the termination of her third consecutive school year. It was promptly accepted by the board and she was

notified of their action on June 5th. August 16th her application for reappointment was presented to the board and on the 24th of that month at a regular meeting of the board a minute order was adopted purporting to reemploy her for the following year as a probationary teacher. She continued to teach in the school for three further consecutive school years, at the end of which time for the purpose of preventing her from attaining tenure she was notified that her services were no longer required. A petition for a writ of *mandamus* was then filed in the Superior Court of Siskiyou County, seeking to have the court determine that she had acquired permanent tenure and reinstating her as a teacher in the school. The trial court found ''that there was no collusion or understanding between the petitioner and the Board of Trustees or any of the members thereof, that said petitioner, if she would resign as teacher in said district at the end of the school year 1930–1931, or at any other time, would be reemployed as a teacher in said District''. Thereupon judgment was rendered, denying the petition for a writ. From that judgment the petitioner has appealed.

It appears without conflict of evidence that the petitioner successfully served as a teacher in the Siskiyou Union High School District continuously for six full successive school years, unless the purported resignation be deemed to have broken the continuity of her contract, and that she would therefore be entitled to be reinstated under the provisions of section 1609 of the Political Code as it then stood, now section 5.500 of the School Code, as a permanent teacher of the school. ■ We are of the opinion that the petitioner, having successfully served under contract as teacher for three full successive school years, and having been reappointed as a teacher in the same school, automatically attained the status of a permanent teacher therein (*Gastineau* v. *Meyer,* 131 Cal. App. 611 [22 Pac. (2d) 31]), and that the writ of *mandamus* should issue directing the board to reinstate her and classify her as such permanent teacher therein.

The purported resignation was ineffectual for the reason that it was not made with the purpose of terminating the petitioner's employment, but on the contrary was presented with the understanding that it was not to terminate her service, but was offered for the mere purpose of avoiding the effect

of the tenure law and upon the definite promise that she would be reemployed. The resignation was procured in that manner by the assurance of Mr. Grant that she would be reemployed. At least one member of the board, Mr. Kaupp, testified that he had knowledge of this conversation between the petitioner and Mr. Grant in which she was promised reemployment. ▮ A resignation is in the nature of a notice of the termination of a contract of employment and is contractual in its nature. It is ineffectual without the intent of the incumbent to sever the relationship of employer and employee. (*Fryer* v. *Norton,* 67 N. J. L. 23 [50 Atl. 661].) Section 5.500 of the School Code provides:

"Every employee of a school district of any type or class, who after having been employed by the district for three complete consecutive school years in a position, or positions, requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, except as hereinafter otherwise provided, at the commencement of said succeeding school year, be classified as and shall become a permanent employee of the district."

▮ Under the provisions of section 1609 of the Political Code as it existed at the time of the expiration of the third consecutive year of the petitioner's employment she was automatically entitled to the status of a permanent teacher, regardless of the effect of her reappointment. (*Gastineau* v. *Meyer, supra; Briney* v. *Santa Ana School District,* 131 Cal. App. 357 [21 Pac. (2d) 610] ; *La Shells* v. *Hench,* 98 Cal. App. 6 [276 Pac. 377] ; *Blalock* v. *Ridgway,* 92 Cal. App. 132 [267 Pac. 713] ; *Owens* v. *Board of Education,* 68 Cal. App. 403 [229 Pac. 881].) Since the petitioner's resignation was ineffectual she was entitled under the preceding authorities to be classified as a permanent teacher. ▮ Moreover, having been reemployed for the fourth consecutive school year and having successfully served as a teacher for six successive school years under the provisions of section 5.500 of the School Code she was entitled to classification as a permanent teacher.

▮ Even though it be deemed that the members of the board did not deliberately procure her purported resignation for the purpose of avoiding the tenure law, one of the members of the board having full knowledge of the promise of

reinstatement made by Mr. Grant and having immediately followed his recommendation by reappointing her, we must assume that the board at least acquiesced in the purpose and the promise of reinstatement by means of which her resignation was procured. This would amount to a circumvention of the purpose of the law and the status of a permanent teacher may not be thus denied.

The judgment is reversed and the trial court is directed to issue a writ of *mandamus* directing the Board of Trustees of Siskiyou Union High School District to reinstate the petitioner and classify her as a permanent teacher of the Siskiyou Union High School.

Plummer, J., and Pullen, P. J., concurred.