[Civ. No. 6372. Third Appellate District.—December 17, 1940.]

GEORGE A. SPAULDING, Appellant, v. HOWARD R. PHILBRICK (Substituted for RAY R. INGELS) as Director of Motor Vehicles, etc., et al., Respondents.

Henry & Bedeau and Anthony J. Kennedy for Appellant.

Earl Warren, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondents.

THE COURT.—Petitioner has appealed from a judgment denying his petition for a writ of mandate requiring respondents to recognize an order of the State Personnel Board that he be given the status and classification in State Civil Service of "Captain, California Highway Patrol", and pay him the salary of that classification.

Throughout this opinion we have used the word "Board" when referring to respondent, State Personnel Board, and also to its predecessor, State Civil Service Commission.

The evidence relating to petitioner's state service, as taken from the files of the State Personnel Board, and also from the testimony of William K. Smith, the senior Personnel Technician of the Board, may be briefly summarized chronologically as follows:

*October 20, 1930:* Petitioner given a temporary appointment under temporary authorization to the position of *Inspector,* California Highway Patrol. *November 15, 1930:* Petitioner passed civil service examination for position of *Inspector at Large, Grade 3,* California Highway Patrol, and placed number 6 on the eligible list for that position. *November 15, 1930:* Petitioner took and passed state civil service examination for position of *State Traffic Officer. May 21, 1931:* Position of *Inspector* reclassified by State Civil Service Commission to position of *Deputy Inspector,* California Highway Patrol. *April 22, 1932:* Eligible list for *Inspector at Large, Grade 3,* abolished without any person having been certified for appointment from such list. *August 4, 1932:* Class title of *Deputy Inspector,* California Highway Patrol (formerly *Inspector*) changed by State Civil Service Commission to *Inspector,* California Highway Patrol. *August 25, 1932:* Petitioner certified and appointed to position of *State Traffic Officer,* California Highway Patrol, at salary of $175 per month. *February 10, 1937:* Petitioner filed petition with State Personnel Board requesting classification as *Inspector, Grade 3,* California Highway Patrol, or comparable class of *Squad Captain,* California Highway Patrol. *March 2, 1937:* Hearing held by State Personnel Board on petition of petitioner. *March 18, 1937:* Resolution adopted by State Personnel Board making a finding and decision in favor of petitioner as follows: "That petition of George A.

Spaulding be granted and he be given status as Inspector, Grade 3, which class 'is now entitled' Captain, California Highway Patrol''.

The trial court found in the following language with reference to the order of March 18th, which appears above:

''That said State Personnel Board made its said findings and decision or order with respect to petitioner George A. Spaulding without any competent evidence to sustain said resolution, finding, and decision or order, and that said Board abused its discretion and acted without jurisdiction in making said resolution, finding, decision or order; that said resolution, finding, decision or order is null and void''.

The main question involved in this appeal is whether or not there is sufficient evidence in the record to support the finding quoted.

Referring again to the record, it appears that because there was no eligible list of persons who had taken and passed a civil service examination for the position of Inspector of California Highway Patrol, the appellant herein was given a temporary appointment to said position on October 20, 1930. While holding said position of Inspector under such temporary appointment, appellant, on November 15, 1930, took and passed a civil service examination for Inspector at Large, Grade 3, California Highway Patrol, and on the same day took an examination for the position of State Traffic Officer, California Highway Patrol. As a result of said examination for said Inspector at Large, Grade 3, appellant was placed sixth on the eligible list for said position. Petitioner was never certified or appointed to the position of Inspector or Inspector at Large from said list. In fact, no person was ever appointed or certified from said list for said position, or any position, and the list was abolished by the Board on April 22, 1932. On August 25, 1932, appellant was appointed State Traffic Officer, California Highway Patrol, as a result of having passed the civil service examination therefor on November 15, 1930.

 It is contended by appellant that the acts of the board are not reviewable by any court, and that no court can substitute its judgment for that of the board. A number of authorities are cited upon this question. The Supreme Court of this state has set forth the rule which should be our guide, in the following language, which was applied to the acts of

the Civil Service Commission of the City and County of San Francisco:

"Courts should let administrative boards and officers work out their problems with as little judicial interference as possible. They may decide a particular question wrong—but it is their question. Such Boards are vested with a high discretion and its abuse must appear very clearly before the courts will interfere." (*Maxwell* v. *Civil Service Commission*, 169 Cal. 336–339 [146 Pac. 869].)

The foregoing quotation is cited with approval in *Pratt* v. *Rosenthal*, 181 Cal. 158–164 [183 Pac. 542]. These authorities do not hold, however, that the acts of such a board are not reviewable, but merely prescribe the scope of such review. For illustration, if the board were to place upon the Civil Service eligible list the name of an individual who had taken no examination whatever where the law requires an examination, it would clearly involve an abuse of discretion. ■ It must be conceded that in spite of the large measure of discretion committed to it, the board or other administrative agency, like all other governmental agencies and departments, must keep within the law, and that resort may be had to the courts to ascertain whether or not they have done so, bearing in mind, however, that in the realm of fact finding which is committed to it by the legislature, the acts of such board are unassailable—assuming, also, that such finding is supported by some evidence, and hence is not an abuse of the fact-finding function.

The power of the board to classify positions was derived from section 5 of the State Civil Service Act, Statutes 1913, chapter 590, which reads as follows:

"The Commission shall: First—Classify positions to be held under state authority in accordance with the provisions of this Act and in accordance with the duties attached to such positions. . . . Such classes and grades may from time to time be amended, added to, consolidated or abolished by the Commission, but persons holding positions under the original classification or grade shall not be affected thereby. . . ."

The result of the order of the board entered March 18th was to change the classification of petitioner from *traffic officer*, which was the only Civil Service status which he had ever attained, to that of *squad captain*. The record shows that the duties of such positions are not the same, and peti-

tioner does not contend otherwise, nor does he contend that the board had any power or authority to classify a traffic officer as a squad captain. *His* claim is that upon the last mentioned date, petitioner had attained the permanent status of *Inspector, Grade 3,* a class which it may be assumed is comparable, in duties, with that of *squad captain.* Such status was attained, he argues, not by virtue of any order of the board conferring it, but by reason of the fact that he had taken the examination of Inspector, and been placed upon the eligible list—being sixth on said list—although such list was abolished April 22, 1932, without any person having been certified for appointment thereunder. It is furthermore contended that petitioner acted, under temporary appointment, as such Inspector, for more than twenty months, and until such list was abolished, and that such status was recognized by the board. His whole contention is thus summarized in his opening brief:

"In this case, therefore, the eligible list being in existence, and the petitioner being on that eligible list, it must be conclusively presumed from his continued service that he was serving not as a temporary appointee but as a *permanent appointee.* The Personnal Board, on March 18, 1937, was entitled to so consider his continued service."

No authority is mentioned which holds that permanent status of a Civil Service employee can be attained by such indirection, and we doubt if any can be found. The case of *Kraus et al.* v. *Singstad et al.,* 275 N. Y. 302 [9 N. E. (2d) 938], arose under the provisions of the Civil Service Law of New York. That law is not before us. There, several persons took a Civil Service examination and were placed upon the eligible list which had expired when the action was brought. It was held that the commission should have continued them in permanent service, for the reason that they should therefore have been appointed, and *would have been appointed.* No showing is made in the instant case that appellant should and would have been appointed Inspector. If that case goes to the extent of holding that merely being on the eligible list for some months, and performing the duties of the position, automatically confers permanent status, we are not prepared to accept it. Such procedure would be destructive of the very essence of Civil Service, as the rights of others who have properly qualified for a position would be ignored and disharmony thereby created. Appellant,

when he was discharging the duties of *Inspector*, was holding such position under the restrictive provisions of section 11 of the State Civil Service Act mentioned above. As to the status of an employee under such act, this court has held, in *Shubert* v. *Department of Motor Vehicles*, 16 Cal. App. (2d) 353, 357, 358 [60 Pac. (2d) 538]:

"We are of the opinion the last mentioned section" (section 11, State Civil Service Act) "was enacted to provide for a temporary appointment in an emergency, 'when there is no eligible list from which a position may be filled' . . . There is no statutory provision making such temporary officers permanent under any circumstances. *They have no civil service status.* They are subject to dismissal at any time without cause."

█ Summarizing the situation, it appears that four and one-half years after appellant ceased to hold the position of *Inspector* under temporary appointment and without Civil Service status or rights, and at a time when appellant had permanent status as a highway patrolman, the State Personnel Board attempted to reclassify him and place him back in such position of *Inspector* and say that such position was the equivalent of a higher position, to wit: *Captain,* though the only position which appellant ever held with Civil Service status or rights was that of California Highway Patrolman, which is inferior in class and rank to that of Captain.

We do not regard that the sole test here is the right of the courts to interfere with any *classification* of employees which the board might make, and the cases cited by appellant on that point do not solve the problem. The real question is whether or not the board could consider appellant as having the *permanent* status of Inspector or Inspector at Large when it had never, by any action whatever, conferred that status upon him, nor had he legally attained it. If he did not have that status, it must be conceded that the board had no right or authority to classify him as a Squad Captain, and the order of March 18th would therefore be void. The whole argument of appellant relative to rights of the board to classify employees is based upon the premise that appellant had *permanent* status as Inspector at the time the order was made,—a status which the record shows, without contradiction, he never had.

It would unduly prolong this opinion to discuss other points raised and authorities cited in the very excellent and

comprehensive briefs submitted by appellant. We agree with him that the acts of the board here should not be set aside unless an abuse of discretion is shown, but we hold that the record affirmatively shows that there was such an abuse.

Our conclusion is that the order of March 18th was entirely lacking in evidentiary support, and that the board had no right or authority to make it. The findings have ample support in the record.

The judgment is affirmed.