[Civ. No. 6929.   Third Dist.   Sept. 29, 1943.]

M. E. REED, Respondent, v. CITY COUNCIL OF THE CITY OF ROSEVILLE et al., Defendants; PERSONNEL BOARD OF THE CITY OF ROSEVILLE et al., Appellants.

L. DeWitt Spark for Appellant.

Anthony J. Kennedy, Albert E. Sheets and Carl Kuchman for Respondent.

ADAMS, J.—Respondent herein filed in the Superior Court of Placer County a petition praying for a writ of mandate to issue to the City Council of Roseville and its members, the personnel board of said city and its members, and others. He alleged that in 1939 the charter of the city had been amended by the addition thereto of article XIX, providing a classified civil service system for certain positions in the employment of the city; that it was therein provided that any person holding a position in the city when the amendment took effect who had served six months should be considered as a permanent employee; that it should be the duty of the personnel board to adopt rules for the administration of the article, and to adopt the position classification plan developed

according to the rules provided thereunder; that such rules should incorporate principles of merit and fitness and should include specific procedures governing the preparation, installation, revision and maintenance of the position classification plan based upon a study of the functions and responsibilities of all positions in the competitive service, and the transfer, promotion and demotion of employees therein; that every officer and employee should retain his office or employment so long as it existed under the same or a different title, during good behavior, and that such officer or employee should not be suspended, fined, demoted, removed or otherwise penalized, except as therein provided; and that no person in a permanent office or employment should be removed or penalized except on written charges, etc. It was also alleged that the personnel board adopted rules for personnel administration which incorporated the principles of merit and fitness; that rule No. IV, section 1, provided that the personnel officer should ascertain and record the duties and responsibilities of all positions in the competitive service, that the classification plan should establish appropriate titles for each class of position, describe the duties and responsibility of each position and specify the qualifications therefor, and that all positions substantially similar with respect to duties, responsibilities, authority, and character of work should be included within the same class; that rule XI, section 1, provided that an employee might be transferred from one position to another "in the same or comparable class," but that a transfer should not be used to effectuate a promotion, demotion, advancement or reduction, except as provided in the rules.

That thereafter the personnel board designated "Housing and Sanitation Inspector" as a class of employment in the Department of Public Works and fixed the duties, responsibilities and qualification requirements for such position; that minimum qualifications for said position are three years of responsible experience in building construction or in engineering work, or five years' experience as a journeyman plumber, supplemented by some building and plumbing inspection experience, and training equivalent to that represented by completion of the twelfth grade; that knowledge of building construction methods, of methods used in the installation of plumbing, gas and oil burning equipment, thorough knowledge of city ordinances and state laws governing building construction and plumbing, gas and oil installations and of city ordinances and state laws on sanitation, public health, busi-

ness regulation and public nuisance regulation are required; that the duties are defined as the inspection of building construction, plumbing, gas and oil burning installations, and the inspection and enforcement of provisions for sanitation and health and regulation of business; that such inspector receives general instructions from the superintendent of public works and receives specific assignments from the city health officer; that his work is subject to, but may not always be given review; that he gives instructions to the city poundkeeper; that under ''Degree of Difficulty'' the classification provides that the work requires a broad knowledge of building construction and plumbing, gas and oil burner installation methods and problems, and requires judgment and discretion in interpreting and enforcing sanitary and regulatory ordinances; and that such inspector has responsibility for all construction and installation inspections, and for alert and adequate enforcement of sanitary and regulatory ordinances; that ''Examples of Work'' set forth in the rule show that such inspector must make both preliminary and final inspections of buildings for compliance with laws and ordinances, and similar inspections of plumbing, gas and oil burning equipment installations to insure their safety, make continuous health and sanitary inspections of buildings, streets, etc., secure compliance with health and sanitary laws and enforce regulatory ordinances such as provisions for licenses for the truck business, for peddlers, for junk dealers, etc.

That said board also designated ''Special Police Officer'' as the name of another class of employment, outside the Department of Public Works, and fixed the duties, responsibilities and qualification requirements for such position; that such special officer patrols assigned areas of the city, enforces city ordinances and general laws and does related work as required; that he receives general instructions and review of work from the police chief and receives specific assignments of tasks and instructions on details of work from a police sergeant; that he exercises no supervision; that he does routine police and traffic patrolling, routine collecting work requiring reference to superior officers when such work varies from established procedure; that he is responsible for maintenance of law and order during an assigned shift within an assigned area; that he patrols the city on foot in assigned areas and enforces traffic laws relative to parking of automobiles and trucks, enforces business license ordinances, collects licenses and does such police work as may be assigned to him

by the police chief or police sergeant; that education and experience for such position are an education equivalent to that represented by completion of the twelfth grade and one year's experience in business or manual work; that "Specialized Knowledge, Abilities and Skills" required are familiarity with traffic and business license ordinances, willingness to follow prescribed routine and carry out oral or written instructions, ability to deal courteously but firmly with the public, and skill in firearms.

Petitioner further alleged that from 1934 until July 16, 1941, he performed the duties of housing and sanitation inspector and at all times after July 10, 1939, had full and permanent civil service status in and to said position; that on July 16, 1941, upon order of the city council, concurred in by the personnel board, petitioner without his consent was removed from said position and assigned to perform the duties of special police officer, and that respondents have since said date prevented petitioner from performing the duties of such inspector and have caused the books and records to show respondent Charles Donaldson as such inspector; that petitioner has at all times been ready, able and willing to perform the duties of such inspector, that no action has been taken to lay off, suspend, fine, demote, remove or otherwise penalize him under section 10 of said article XIX, or under section 3 of rule XII; that prior to the filing of this petition petitioner regularly protested and appealed to respondent personnel board from his said removal as such inspector and his assignment to perform the duties of special police officer and that a hearing was had upon said protest and appeal after which said personnel board made its decision denying his protest and approving his removal.

An alternative writ of mandate was issued by the trial court, whereupon appellants demurred to the petition on the ground that it does not state facts sufficient to constitute a cause for relief and that it is ambiguous, uncertain and unintelligible for the reason that it does not appear what if any section of article XIX of the charter or what if any rule adopted by the board has been violated. An answer to said petition was also filed.

The trial court overruled the demurrers and the matter was thereafter brought on for trial before the court. At its conclusion, findings were filed sustaining the allegations of the complaint, and a judgment followed ordering that a peremptory writ issue requiring the city council to rescind its order

transferring petitioner from the one position to the other, and forthwith recognize petitioner as holding said civil service position of housing and sanitation inspector; that respondent personnel board recognize petitioner as holding the civil service position of housing and sanitation inspector with full and permanent civil service status therein, and forthwith record and enter such facts on the official records; that the superintendent of public works restore petitioner to his civil service position and recognize him as the holder of said position with full and permanent civil service status and cause said facts to be entered upon his books and forthwith restore petitioner to the performance of all the duties and responsibilities of said position, etc.

Thereafter, the city council, in compliance with said writ, rescinded its former approval of the transfer.

Appeal to this court is taken by the personnel board and its respective members only, their sole contention here being that the petition fails to state a cause of action because it does not allege that the personnel board acted arbitrarily, capriciously or fraudulently "in making its decision in the matter." In other words, appellants apparently contend that though petitioner had permanent civil service status as housing and sanitation inspector, and though the charter provides in section 10 of article XIX that every officer or employee shall retain his office or employment during good behavior and shall not be demoted, removed or otherwise penalized except as therein provided, and though rule XI provides that a transfer may be made from one position to another only when the latter is in the same or *a comparable class* and that a transfer shall not be used to effectuate a demotion or a reduction, and though the allegations of the petition as to the rule show that the classification, the general duties, the responsibilities and the qualification requirements of the position of housing and sanitation inspector, and the classification, general duties, the responsibilities and the qualification requirements of the position of special police officer are essentially different, and the positions are not in the same or a comparable classification, and that a transfer from the former position to the latter does effect a demotion of petitioner, that nevertheless a court may not so find and so hold unless it is alleged (and proven) that the personnel board, in approving the transfer, and in denying petitioner's protest on appeal to said board, acted arbitrarily, capriciously or fraudulently.

Appellants' argument is that the personnel board has judicial or quasi judicial powers by virtue of the provisions of the charter, and that where a local board has such powers its "decisions" cannot be set aside unless it is alleged and proven that it has acted arbitrarily, capriciously or fraudulently (citing *Bennett* v. *Brady,* 17 Cal.App.2d 114, 116 [61 P.2d 530]; *Hogan* v. *Retirement Board,* 13 Cal.App.2d 676 [57 P.2d 520]); and that where fact-finding powers have been conferred upon local boards their decisions cannot be set aside unless an abuse of discretion is pleaded and proven (citing *Dierssen* v. *Civil Service Commission,* 43 Cal.App.2d 53 [110 P.2d 513]; *Klevesahl* v. *Byington,* 1 Cal.App.2d 671 [37 P.2d 179]); that petitioner failed to allege that no evidence was adduced at the hearing before the personnel board to sustain the board's decision nor did he allege that any evidence was adduced to support his contention.

It does not appear necessary in order to decide this case to determine whether the personnel board under the charter exercises judicial or quasi judicial powers. Conceding for the sake of argument that in certain instances it does, and that in the exercise of those powers its *finding of fact* may not be set aside by a court unless it is alleged and proven that it abused its discretion, here the exercise of no judicial or quasi judicial duty was involved. Appellants' duties in the matter were purely administrative. We cannot see that the taking of evidence was necessary to a determination of the two matters to be decided, that is, whether the two positions are in a comparable class, and whether the transfer effected a demotion. Appellants' demurrer admits the allegations of the petition and it is therefore admitted that "Housing & Sanitation Inspector" is the name and title of a class of employment in the Department of Public Works of the city and that the duties and qualifications for such position are those set forth in the petition; that from about 1934 to July 16, 1941, petitioner was assigned to perform and did perform the duties of such inspector and that he had full and permanent civil service status in said position; that there is another class of employment in the civil service of said city, *not* in the Department of Public Works, designated "Special Police Officer," the duties and qualifications for such special police officer being those set forth in the petition; that petitioner upon order of the city council, approved and concurred in by appellant personnel board, was removed from the one position to the other without his consent and was thereafter

prevented from performing the services of his former position; that there is no lack of work to be performed by such inspector; that petitioner is ready, able and willing to perform it, and that no action was taken to lay him off, suspend, demote or otherwise penalize him under the section of the charter providing for such action in a proper case; that petitioner appealed to appellant board from the order removing him from his former position and his assignment to the latter; that a hearing was had and his protest denied.

■ It may be conceded that if the two positions are in the same or a comparable class and notice was given as required by section 1 of rule XI, and if such transfer did not "effectuate a promotion, demotion, advancement or reduction" of petitioner, the council had power to make the transfer; but the determination of these things did not require a determination of any question of fact such as was required in the cases cited and relied upon by appellants; and if upon the face of the petition herein it appears that the two positions are not in the same or comparable class, and that a demotion or reduction of petitioner was effected by his transfer, then it sufficiently appears that such transfer was in excess of the powers of the council and the board; and the courts are not concluded by their decision. (*Bodinson Mfg. Co.* v. *California Employment Commission,* 17 Cal.2d 321, 329 [109 P.2d 935]; *Spaulding* v. *Philbrick,* 42 Cal.App.2d 58, 61, 62 [108 P.2d 59]; *Puterbaugh* v. *Wadham,* 162 Cal. 611 [123 P. 804]; *Winslow* v. *Bull,* 97 Cal.App. 516, 523 [275 P. 974]; *Rixford* v. *Jordan,* 214 Cal. 547, 555-556 [6 P.2d 959]; 134 A.L.R. 1010.)

Comparison of the duties of and qualifications for the two positions as fixed by appellant board shows that they are markedly dissimilar and that said positions are neither of the same nor of a comparable class. It is also, we think, obvious that the transfer complained of effected a demotion of petitioner. ■ It is conceded by the parties (though not alleged) that the salaries of the two positions are the same; but demotion means something more than a reduction in salary. To demote is to reduce to a lower rank or grade, and there may be a demotion in the type of position though the salary may remain the same. While it may appear that one qualified to perform the duties of housing and sanitation inspector is qualified to perform the duties of special police officer, yet if the situation be reversed, the lack of qualification of the

latter to perform the duties of the former instantly appears, and compels the conclusion that petitioner's transfer did effect a demotion.

■ But appellants contend that the petition does not allege that the board acted arbitrarily, capriciously or fraudulently, and that for this reason it is insufficient as a pleading. If this were true it would at most be a defect remediable by amendment if a special demurrer were interposed on that ground. But where, as here, it appears upon the face of the pleading, as we think it does, that the board exceeded its powers in making the transfer complained of, such an allegation would add nothing but a conclusion, and no prejudice to appellants appears from its absence. (*Taboada* v. *Sociedad Espanola*, 191 Cal. 187, 192-193 [215 P. 673, 27 A.L.R. 1508].)

■ Petitioner asserts that he has permanent civil service tenure as housing and sanitation inspector and that tenure to this position is a vested right. (Citing *Gastineau* v. *Meyer*, 131 Cal.App. 611 [22 P.2d 31]; *Eisenhuth* v. *Department of Motor Vehicles*, 2 Cal.App.2d 207 [37 P.2d 725].) Appellants concede that a *state* civil service employee does have tenure and that this tenure is a vested right, and that the cases cited by respondent are good authority on this point; but they argue that said decisions do not apply to the instant case because the charter of Roseville authorizes the transfer of one employee from one position to another. But appellant apparently overlooks the fact that section 144 of the state Civil Service Act [Stats. 1937, p. 2085; Deering's Gen. Laws, 1937, Act 1404] contains language similar to that of section 1 of rule XI of appellants' rules. It provides that "an appointing power may at any time transfer any employee under his jurisdiction from one position to another in the same class or in another class having substantially similar duties, responsibilities, and qualifications and substantially the same salary range"; while said section 1, rule XI, provides that "an employee may be transferred at any time from one position to another position in the same or comparable class." The language of these two provisions is sufficiently similar to make applicable the principles laid down under the Civil Service Act. (See *Noce* v. *Department of Finance*, 45 Cal. App.2d 5 [113 P.2d 716]; *Spaulding* v. *Philbrick, supra; Winslow* v. *Bull, supra; Krapp* v. *Kern*, 255 App.Div. 305 [7 N.Y.S.2d 499, 500-501] (affd. 281 N.Y. 617 [22 N.E.2d 176]).)

The trial court found that the two positions are not comparable and that the duties, qualifications and responsibilities of the position of housing and sanitation inspector are substantially different and of a higher grade than the duties, qualifications and responsibilities of the position of special police officer.

As we are of the opinion that the conclusions of the trial court are correct, and the petition of respondent is sufficient to state a cause of action, the judgment is affirmed.

Peek, J., and Thompson, J., concurred.