**UNITED AIRCRAFT CORPORATION,**
Appellant,

v.

**LODGE 971 OF the INTERNATIONAL
ASSOCIATION OF MACHINISTS,**
Appellee.

No. 22450.

United States Court of Appeals
Fifth Circuit.

May 10, 1966.

Joseph C. Wells, Winthrop A. Johns, Washington, D. C., John M. Farrell, Palm Beach, Fla., Reilly & Wells, Washington, D. C., Burns, Middleston, Rogers & Farrell, Palm Beach, Fla., of counsel, for appellant.

Plato Papps, Washington, D. C., Jos. P. Manners, Miami, Fla., George Christensen, Washington, D. C., Manners & Amoon, Miami, Fla., for appellee.

Before JONES and GEWIN, Circuit Judges, and HUNTER, District Judge.

JONES, Circuit Judge:

Lodge 971 of the International Association of Machinists, the appellee, herein called the union, and United Aircraft Corporation, the appellant, herein called the company, entered into a labor-management agreement on July 16, 1962. The union brought an action against the company seeking a mandatory injunction to require the company to arbitrate a grievance, with jurisdiction asserted under Section 301 of the Labor Management Relations Act. 29 U.S.C.A. § 185. By the complaint the union sought to compel arbitration of a grievance submitted by and on behalf of Joseph Everett. To the complaint was annexed a copy of the grievance form which stated the grievance to be that "The company violated the agreement when I was reduced from Labor Grade 3 to Labor Grade 5." Also annexed to the com-

plaint is a copy of the agreement which provides, among other things, for the submission to arbitration of a number of specifically enumerated classes of grievances. By the agreement, in Subsections (c) [1] and (e) [2] of Section 4 of Article V of the agreement, limitations were placed upon the matters subject to compulsory arbitration. In addition to the matters set forth in Subsections (c) and (e), supra, the agreement expressly excluded from arbitration "The right to determine whether transfers, promotions or demotions are to be made." The company filed a motion to dismiss and an answer. Each of the parties moved for a summary judgment. The motion of the company was denied. The motion of the union was granted. The cause is before us on the company's appeal from a judgment directing arbitration.

The word "demotion", as it is used with respect to employment, means a reduction to a lower rank or grade. Reed v. City Council of City of Roseville, 60 Cal.App.2d 628, 141 P.2d 459; McCarthy v. Steinkellner, 223 Wis. 605, 270 N.W. 551, 271 N.W. 374. Thus the grievance asserted—the reduction in grade—is of a demotion which the agreement expressly excludes from compulsory arbitration.

Whether a particular controversy under a collective bargaining agreement is subject to arbitration is a matter to be determined by the court on the basis of the contract. John Wiley & Sons v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed. 898; Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462; United Steelworkers, etc. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; Refinery Employees Union of Lake Charles Area v. Continental Oil Co., 5th Cir. 1959, 268 F.2d 447, cert. den. 361 U.S. 896, 80 S.Ct. 199, 4 L.Ed.2d 152.

Since the grievance which was asserted, that the company had violated the agreement in reducing Everett from Labor Grade 3 to Labor Grade 5, was not one which the company was required to submit to arbitration, it follows that the district court's judgment requiring arbitration must be reversed and the cause remanded for a judgment for the company.

It may be that the circumstances attendant upon the reduction of Everett's labor grade gave rise to some other grievance which is subject to arbitration. This we do not decide nor do we express any opinion concerning it. It is the judicial role only to decide whether the grievance submitted, as it was submitted, is subject to arbitration under the agreement between the parties.

Reversed and remanded.

1. (c) Except for the specific grievances listed above in Section 4(a) of this Article or those grievances which the company and the union may during the life of this agreement agree to arbitrate under Section 4(b) of this Article, no disputes, misunderstandings, differences or grievances arising between the parties as to the meaning, interpretation or application of the provisions of this agreement shall be submitted to any arbitrator for decision. It is further understood and agreed that no grievance, dispute, misunderstanding or difference between the parties arising out of events which occurred prior to the execution of this agreement shall be submitted to arbitration under the provisions of this agreement.

2. (e) The arbitrator shall have no power to add or to subtract from or modify in any way any of the terms of this agreement; nor shall the arbitrator have jurisdiction in any case submitted to arbitration to affect in any way, directly or indirectly, by any decision or in any other manner, the right and responsibility of the company to direct its operations; to determine the number and location of its plants; the product to be manufactured; the types of work to be performed; the assignment of all work to employees or other persons; the schedules of production; shift schedules and hours of work; the methods, processes and means of manufacturing; or the rules and regulations to be made or applied for production, discipline, efficiency, and safety.