[Civ. No. 47347. Second Dist., Div. Three. Feb. 23, 1976.]

JAMES F. COLLINS, JR., Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

COUNSEL

William T. Hays, Seth J. Kelsey and Hays & Petersen for Plaintiff and Appellant.

John H. Larson, County Counsel, Daniel C. Cassidy and John M. Baskett, Deputy County Counsel, for Defendant and Respondent.

OPINION

ALLPORT, Acting P. J.—It appears without conflict that James F. Collins, Jr., was actively employed by respondent as a deputy sheriff from January 2, 1951, to April 10, 1972. On March 13, 1972, he submitted a letter stating: "I hereby submit my resignation. . ." effective on April 10, 1972. "I am resigning and deferring my retirement." On February 15, 1974, the Workmen's Compensation Appeals Board found

Collins to have sustained an injury in the course and scope of his employment and awarded him temporary total disability benefits from April 10, 1972, until September 11, 1972.[1]

By petition for writ of mandate filed in the superior court Collins now seeks an order compelling the County of Los Angeles to pay him full salary for the period April 10 to September 11, 1972, in lieu of the temporary disability payments awarded him by the board. The trial court found that the resignation of April 10, 1975 [sic] made Labor Code section 4850 inapplicable, relegating Collins to traditional workmen's compensation benefits. Collins appeals from the judgment entered pursuant to that finding. The appeal lies. (Code Civ. Proc., §§ 904.1, subd. (a), 1110; *Cody* v. *Justice Court,* 238 Cal.App.2d 275, 277, fn. 1 [47 Cal.Rptr. 716].)

### *Contentions*

Collins contends that he is entitled to full salary by virtue of pertinent provisions in Labor Code section 4850 as follows: "Whenever any . . . sheriff or any officer or employee of a sheriff's office . . . is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the . . . county, to leave of absence while so disabled without loss of salary, in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of such disability but not exceeding one year, or until such earlier date as he is retired on permanent disability pension."

The county replies that, where an employee elects to resign his employment prior to the expiration of the maximum one year's leave of absence under that section, he is only entitled to receive temporary disability payments being no longer entitled to a "leave of absence without loss of salary."

 The sole issue hinges on the effect of the "resignation" from employment upon the benefits conferred by section 4850. As more elaborately stated by respondent: "Under Labor Code Section 4850, is an employee who voluntarily resigns his employment prior to the effective date of his temporary disability, as determined by the Worker's

---

[1]In an action under Labor Code section 4850 the superior court is bound by the findings of the board. (*Eason* v. *City of Riverside,* 233 Cal.App.2d 190, 195 [43 Cal.Rptr. 408].)

[*sic*] Compensation Appeals Board, entitled to a leave of absence without loss of salary while so disabled in lieu of temporary disability payments."

We conclude petitioner's contention is without merit and that the judgment appealed from must be affirmed. Section 4850, in speaking of a "leave of absence," clearly contemplates the existence and eventual resumption of the employment relationship. In Black's Law Dictionary, Fourth Edition, "leave of absence" is defined as temporary absence from duty with intention to return. (*McCoy* v. *Board of Supervisors,* 18 Cal.2d 193, 198 [114 P.2d 569]; *Gray* v. *Bolger,* 157 Cal.App.2d 583, 587 [321 P.2d 485].) We are unaware of any basis upon which one who unconditionally tenders his resignation from employment effective on a given date is thereafter entitled to the leave of absence contemplated by this section or for that matter otherwise. A resignation is in the nature of a notice of the termination of a contract of employment. (*Sherman* v. *Board of Trustees,* 9 Cal.App.2d 262, 266 [49 P.2d 350]; see also *People* v. *Marsh,* 30 Cal.App. 424, 427 [159 P. 191].)

A question arises concerning the effect of Collins' deferring his retirement. This was explained to the trial court as follows:

"THE COURT: It seems to me there was some language in here, though, which implied that if a man took a retirement disability or otherwise, he wasn't covered under that section.

MR. KELSEY: [for Petitioner] Well, that's correct, Your Honor. That, of course, is not the case in this—this matter. In that—

THE COURT: Didn't he take the disability retirement here?

MR. KELSEY: No. He took a deferred retirement, which was not effective until October of 1974, I believe. And this case dealt with the period of from April of '72 to—

THE COURT: Yes, I understand. What's a deferred retirement?

MR. KELSEY: It's one of the options available to a deputy sheriff. I'm not exactly sure. But as opposed to a moving—applying for a disability retirement, he is entitled to a deferred retirement, which takes place a year and a half or two years after termination of employment, for that benefit.

MR. BASKETT: [for Respondent] May I reply?

THE COURT: Sure.

MR. BASKETT: Deferred retirement, to my understanding, Your Honor, is that an employee who has not reached the number, maximum number of years, may resign early, leave their retirement benefits in the fund, and upon reaching the proper point in time, the retirement accrues, and then is paid at a certain rate. He merely leaves it in to—oh, how shall I say, gain the advantage of having it in the fund as—it's as if he stayed at work for a certain period of time.

THE COURT: Yes. All right. And I see that Sergeant Collins had been twenty-some years with the Sheriff's Department, and only retired, so he was eligible then in October of last year for his deferred retirement.

MR. BASKETT: Right. That is correct. It is my understanding that when he resigned, he had put in approximately 18 years.

THE COURT: All right.

MR. BASKETT: So, since he would have been eligible to retire and draw retirement after 20 years—

THE COURT: I see, oh, yes.

MR. BASKETT: Fine.

THE COURT: I follow you on that."

It is clear from this explanation that the deferring of the retirement had no effect whatsoever in continuing the employment relationship thereby making him eligible for a leave of absence. We conclude therefore that Collins' resignation terminated his employment as of April 10, 1972, rendering him ineligible for the leave of absence referred to in section 4850. Under such circumstances it was correctly determined that he was entitled to the benefits awarded him by the Workmen's Compensation Appeals Board and not to full salary during the period in question.

In *Gourley* v. *City of Napa,* 48 Cal.App.3d 156 [121 Cal.Rptr. 290], in holding that retirement on a disability pension terminates an employee's right to a one year's leave of absence, the court stated:

"A careful reading of Labor Code section 4850 indicates that an employee does not have an absolute right to leave of absence for one year. If he 'is retired on permanent disability pension' prior to the end of the one-year period, his right to his leave of absence with full salary terminates." (P. 161.)

"And, as discussed above, Labor Code section 4850 provides for a leave of absence only up until the employee is retired. Therefore, it is incumbent upon Gourley to cite other authority that would entitled [*sic*] him to a leave of absence; this he has not done." (P. 163.)

"We conclude from *Eason* and *Boyd, supra,* as well as the applicable statutes, that it is the policy of the state to insure that an employee disabled in the performance of his duties is not deprived of his livelihood pending his retirement for reasons of disability. It is equally apparent that the Legislature and the courts do not intend that a disabled employee should be compensated by a city for performing no services for that city." (Pp. 164-165.)

The rationale of *Gourley, supra,* lends support for our conclusion that Collins' resignation terminated his right to a leave of absence under section 4850. (See also *State Compensation Ins. Fund* v. *Workmen's Comp. Appeals Bd.,* 26 Cal.App.3d 200, 204 [103 Cal.Rptr. 29].)

The judgment is affirmed.

Cobey, J., and Potter, J., concurred.

A petition for a rehearing was denied March 10, 1976, and appellant's petition for a hearing by the Supreme Court was denied April 22, 1976.