[Civ. No. 51613. First Dist., Div. Three. July 13, 1982.]

COUNTY OF SAN MATEO, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and WENDY
R. WARREN, Respondents.

COUNSEL

Keith Sorenson, District Attorney, and Thomas Daniel Daly, Deputy District Attorney, for Petitioner.

Donald P. Gangemi, Fred D. Lonsdale and Davis, Cowell & Bowe for Respondent.

OPINION

**BARRY-DEAL, J.**—This petition by the County of San Mateo challenges an award of enhanced disability benefits granted under the authority of Labor Code section 4850.[1] The issue is whether the provisions of that section apply where the employee's disability arises after termination of employment and where the termination is not related to the industrial injury. We have concluded that section 4850 does not apply under these circumstances.

Section 4850 provides that whenever a covered public safety employee, including a county deputy sheriff, becomes disabled, "... whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the city or county, to leave of absence while so disabled without loss of salary in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of such disability but not exceeding one year, or until such earlier date as he is retired on permanent disability pension...."

It is undisputed that Wendy R. Warren, a deputy sheriff for San Mateo County, became disabled as a result of an industrial injury. However, she was a probationary employee injured during activities at the police academy. At the end of her one-year probation, she was given the option of resigning or having her employment terminated. She elected to resign. Her disability arose shortly after her resignation. The decision to terminate her employment was not related to her injury, but was based upon her performance as a deputy sheriff.

The county paid temporary disability benefits, but at the normal rate of $154 per week, not at a rate equal to Ms. Warren's salary. She filed

---

[1]All statutory references are to the Labor Code unless otherwise indicated.

a claim with the Workers' Compensation Appeals Board, which concluded she was entitled to have benefits paid under section 4850. This petition by the county followed.

■ If a portion of Ms. Warren's period of disability can be considered a "leave of absence" within the meaning of section 4850, then the board's decision must be sustained. While case authority answers questions somewhat similar to the one posed here, no case cited by the parties or discovered by this court addresses the precise question presented here.

Petitioner relies heavily upon the decision in *Collins v. County of Los Angeles* (1976) 55 Cal.App.3d 594 [126 Cal.Rptr. 541]. There, a deputy sheriff with approximately 18 years of service resigned on April 10, 1972, and deferred his retirement. He was awarded temporary total disability beginning from the date of his resignation. He sought writ of mandate to compel the county to pay him his full salary in lieu of temporary disability payments. The *Collins* court affirmed the superior court's rejection of that claim, stating: "Section 4850, in speaking of a 'leave of absence,' clearly contemplates the existence and eventual resumption of the employment relationship. In Black's Law Dictionary [(4th ed. 1951) page 1036], 'leave of absence' is defined as temporary absence from duty with intention to return. (*McCoy v. Board of Supervisors* [1941], 18 Cal.2d 193, 198 ...; *Gray v. Bolger* [1958], 157 Cal.App.2d 583, 587 ....) We are unaware of any basis upon which one who unconditionally tenders his resignation from employment effective on a given date is thereafter entitled to the leave of absence contemplated by this section or for that matter otherwise. A resignation is in the nature of a notice of the termination of a contract of employment. (*Sherman v. Board of Trustees* [1935], 9 Cal.App.2d 262, 266 ....)" (*Collins v. County of Los Angeles, supra*, 55 Cal.App.3d at p. 597.)

*Collins* is not controlling here, because Ms. Warren's resignation was not voluntary. She argues that this distinction makes the decisions in *Boyd v. City of Santa Ana* (1971) 6 Cal.3d 393 [99 Cal.Rptr. 38, 491 P.2d 830] and *City of California City v. Workers' Comp. Appeals Bd.* (1979) 95 Cal.App.3d 329 [157 Cal.Rptr. 137] more persuasive authority.

The context of *Boyd* is different from most cases addressing the applicability of section 4850. There a 20-year police department employee

was terminated for medical reasons. He had previously obtained a Workmen's Compensation Appeals Board award of permanent disability and had unsuccessfully applied to the state for disability retirement. Boyd sought reinstatement through administrative channels and by writ of mandate in superior court. The city appealed his reinstatement, arguing that it was entitled to discharge him for incompetence based upon his medical problems.

In rejecting the city's argument, the *Boyd* court referred to section 4850's authorization for a one-year leave of absence and to the provision in section 4853 that if the disability continued for a period beyond one year, the employee would receive normal disability payments during the remainder of the period of the disability or until the effective date of his retirement.[2] The court concluded that the city could not deprive a police officer of his right to disability pay pursuant to sections 4850 and 4853 by terminating his employment because of the disability. "Otherwise the valuable rights conferred upon police officers by sections 4850 and 4853 of the Labor Code could be lost at the whim of the city." (*Boyd* v. *City of Santa Ana, supra,* 6 Cal.3d at p. 397.)

*Boyd* is distinguishable because there the city terminated the employee because of his disability and then sought to deny him compensation for the disability pursuant to sections 4850 and 4853. Here, Ms. Warren's resignation was unrelated to her disability.

In *City of California City* v. *Workers' Comp. Appeals Bd., supra,* 95 Cal.App.3d 329, the employee was not terminated because of disability; his job was abolished for fiscal reasons. The employee was acting director of public safety on September 22, 1977, when he injured himself trying to open a fire hydrant. He did not request medical treatment until May 1978, shortly before his job was to be terminated. The Workers' Compensation Appeals Board awarded him benefits pursuant to section 4850, and the appellate court affirmed that portion of the award, stating the following: "The City argues that the 'leave of absence' language in section 4850 contemplates the continued existence and eventual resumption of the employment relationship, citing *Collins* v. *County of Los Angeles* (1976) 55 Cal.App.3d 594 .... However, *Collins* is distin-

---

[2]Section 4853 provides as follows: "Whenever such disability of any such officer or employee continues for a period beyond one year, such member shall thereafter be subject as to disability indemnity to the provisions of this division other than Section 4850 during the remainder of the period of said disability or until the effective date of his retirement under the Public Employees' Retirement Act, and the leave of absence shall continue."

guishable in that the employee there had voluntarily resigned his employment effective on the same date the benefit period commenced under section 4850. The court held that the unconditional resignation terminated the right to leave of absence benefits. Although in the usual situation the parties contemplate a return of the employee to the job, contrary to the holding in *Collins*, the statute does not require the continued existence and eventual resumption of the employment relationship. For example, in *Boyd* v. *City of Santa Ana, supra*, 6 Cal.3d 393, it was held that a city may not deprive an employee of section 4850 benefits by terminating his employment on grounds of physical fitness where his disability is due to injury or illness arising in the course of his employment. *Boyd* also explains that the payments contemplated by section 4850 are not salary but are workers' compensation benefits (6 Cal.3d at p. 397). Thus, regardless of the job title or other technical description of the position, the fact remains that respondent was injured in the performance of his duties as a fire fighter, and thereafter his employment was unilaterally terminated by his employer. He is entitled to the benefits provided by section 4850." (*City of California City* v. *Workers' Comp. Appeals Bd., supra*, 95 Cal.App.3d at pp. 335-336.)

*City of California City* can be distinguished from this case on the ground that there the position was abolished, whereas here Ms. Warren was forced to resign because she was found unsuitable for the job. Furthermore, there is a suggestion in *City of California City* that the employee's employment would have continued had he been physically capable of returning to a job such as fire fighting. In footnote 2 (*id.*, at p. 332) the court observed: "When respondent's administrative job was terminated on May 15, 1978, he was unable to return to any job entailing heavy work such as fire fighting. . . ." Thus, terminating the job he was physically capable of performing and denying him section 4850 benefits although he was unable to perform other jobs was similar to terminating Mr. Boyd for medical reasons and denying him section 4850 benefits. Neither situation can be equated with terminating an employee for nonmedical reasons and denying her the benefits of a medical "leave of absence" when a later disability arose.[3]

We are persuaded that a "leave of absence" cannot begin after an employee has resigned for nonmedical reasons, whether the resignation was voluntary or involuntary. No reasonable reading of the phrase, "leave of absence," could call for its application to a nonmedically ter-

[3]In both *Boyd* and *City of California City* the employees were disabled at the time of discharge. Here, the disability arose afterwards.

minated employee. Decisions such as *Boyd* v. *City of Santa Ana, supra*, 6 Cal.3d 393, and *City of California City* v. *Workers' Comp. Appeals Bd., supra*, 95 Cal.App.3d 329, do not alter the meaning of "leave of absence." They merely prevent the employer from avoiding the effect of a *medically caused* termination of employment by treating it as a "leave of absence."

Though we reach this conclusion, we must admit that we are somewhat troubled by the possible implications of a recent amendment to an analogous code section, section 4800. The operative portion of that section provides that if an employee of the Department of Justice or California Highway Patrol in the designated kind of position ". . . is disabled by injury arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the patrol, or Department of Justice to leave of absence while so disabled without loss of salary, in lieu of disability payments under this chapter, for a period of not exceeding one year. . . . "

While sections 4800 and 4850 are not identical in their operative language and have been given different applications in situations unrelated to this one (see *Amborn* v. *Workmen's Comp. Appeals Bd.* (1971) 19 Cal.App.3d 953 [97 Cal.Rptr. 466], discussed in *Knopfer* v. *Flournoy* (1973) 34 Cal.App.3d 318, 321 [109 Cal.Rptr. 892]), the "leave of absence" wording should have the same meaning in both sections.[4] The troublesome portion of section 4800 is the last paragraph, added in 1980: "This section shall not apply to periods of disability which occur subsequent to termination of employment by resignation, retirement or dismissal. When this section does not apply, the employee shall be eligible for those benefits which would apply if this section had not been enacted." (Stats. 1980, ch. 451, § 1, pp. 958-959.)

Did the final sentence merely restate the law, or did it make a change in section 4800? If it made a change, does the fact that section 4850 was not similarly amended mean that section 4850 *does apply* to periods of disability which occur subsequent to termination of employment by resignation, retirement, or dismissal? What is most mysterious about the legislative change is that of the two sections, section 4850 was the

---

[4]Section 4800 was the first of the two sections, enacted in 1937. (Stats. 1937, ch. 90, § 4800, p. 285.) Section 4850 was added two years later (Stats. 1939, ch. 926, § 1, p. 2604) and contained identical operative language. Subsequent amendments to the two sections have caused section 4800 to mention only "injury" instead of "injury or illness" and have specified "temporary disability" in section 4850 while leaving section 4800 with only "disability" payments. These differences may matter in some contexts, but not in deciding the question presented here.

only one that had received judicial gloss to the term, "leave of absence." What prompted the Legislature to amend a section not interpreted by the appellate courts, while leaving intact a nearby section subject to varied appellate court interpretations?

The parties have furnished us no legislative history, and we have discovered none, save the Legislative Counsel's Digest printed with the 1980 amendment to section 4800. The Digest states: "Existing provisions of law provide that members of the California Highway Patrol, state safety classes of the Department of Justice, and San Francisco harbor policemen are entitled to leaves of absence without loss of salary in lieu of workers' compensation disability payments whenever they are disabled by injury arising out of and in the course of their duties. [¶] This bill would provide that such leave shall not apply to periods of disability which occur subsequent to termination of employment by resignation, retirement or dismissal." (Legislative Counsel's Dig. of Sen. Bill No. 936, Stats. 1980 (Reg. Sess.) Summary Dig., p. 123.)

The comment suggests that the legislative counsel read "leave of absence" to include periods after "resignation, retirement or dismissal." Was he unaware of the contrary interpretation by *Collins* v. *County of Los Angeles, supra,* 55 Cal.App.3d 594, of the identical phrase in section 4850? Was he aware that in both *Boyd* v. *City of Santa Ana, supra,* 6 Cal.3d 393, and *City of California City* v. *Workers' Comp. Appeals Bd., supra,* 95 Cal.App.3d 329, the disabilities preceded termination of employment, a situation arguably not altered by the amendment if a similar situation arose under section 4800?

We acknowledge that under the rules of construction we must assume that when passing a statute the Legislature is aware of existing related laws (*Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 7), and we must assume the Legislature is aware of pertinent judicial interpretations (*English* v. *Marin Mun. Water Dist.* (1977) 66 Cal.App.3d 725, 731). However, even if we indulge those assumptions, we do not reach the conclusion that failure to amend section 4850 in the same manner as the Legislature amended section 4800 is fatal to the county's position.[5] If we assume the Legislature was aware of section 4850 and

---

[5]While we indulge the assumption for purposes of analysis, we are certainly not convinced that the Legislature was aware of section 4850 and judicial interpretations thereof when it amended section 4800. Legislative oversight is a better-founded assumption.

cases interpreting it, we conclude that it found that the judicial gloss on that section satisfactorily interpreted the enactment and that no amendment *to that section* was required. Arguably, because not yet discussed by the appellate courts, section 4800 could have been interpreted to apply to a period of disability occurring after resignation, retirement or dismissal (though it would have tortured "leave of absence" and contradicted case interpretation of section 4850). Section 4850, however, had been interpreted by *Collins* v. *County of Los Angeles, supra*, 55 Cal. App.3d 594, as not applying to a disability after resignation, and in neither *Boyd* v. *City of Santa Ana, supra*, 6 Cal.3d 393, nor *City of California City* v. *Workers' Comp. Appeals Bd., supra*, 95 Cal.App.3d 329, did the period of actual disability begin subsequent to termination of employment. Thus, the Legislature could have concluded there was no reasonable likelihood that section 4850 would be interpreted as permitting benefits for a period of disability occurring after termination of employment and could have declined to amend section 4850 in the manner in which it amended section 4800.

We conclude that the 1980 amendment to section 4800 did not by omission alter the meaning of section 4850. "Leave of absence," as used in section 4850, still does not apply to a period of disability occurring after a nonmedical resignation, voluntary or involuntary. The decision of the board after reconsideration awarding the applicant benefits pursuant to section 4850 is annulled, and the matter is remanded to the board for such further proceedings as are appropriate.

White, P. J., and Scott, J., concurred.

The petition of respondent Warren for a hearing by the Supreme Court was denied September 15, 1982.