Filed 2/18/26; Certified for Publication 3/11/26 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RANDY MONROE, Plaintiff and Appellant, v. CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Defendant and Respondent. | B345865 (Los Angeles County Super. Ct. No. 24PSCP00069) |

APPEAL from an order of the Superior Court of Los Angeles County, James C. Chalfant, Judge.  Affirmed.

Larry Watkins for Plaintiff and Appellant.

Renee Salazar and Preet Kaur for Defendant and Respondent.

_____

While under investigation for on-duty misconduct, parole agent Randy Monroe (Monroe) applied for service retirement, pending a claim for disability retirement.  His application was accepted, and he was thereafter found ineligible for disability retirement because his departure was not related to a disability and occurred while he was under investigation for misconduct.  The CalPERS Board of Administration affirmed the denial of his application because a prerequisite for disability retirement was lacking:  the right to return to service.  Monroe petitioned for a writ of mandate to reverse the Board's decision, which the trial court denied.  We agree with the Board and the trial court, and therefore affirm.

## BACKGROUND

### 1. Facts

Monroe was a parole agent with the California Department of Corrections and Rehabilitation (CDCR) between 2011 and 2022.  In 2021, he was informed that he was being investigated for misconduct related to his romantic involvement with a family member of a parolee he supervised.

On August 10, 2021, Monroe contacted CalPERS about disability retirement.  The next day, he was served with a notice that he would be interviewed about the alleged misconduct.  That interview took place on August 31, 2021.

On March 3, 2022, CalPERS received Monroe's application for service retirement pending disability retirement.  Monroe claimed disability of "neck, bilateral upper extremities" from "cumulative occupational trauma."  On March 10, 2022, CalPERS processed Monroe's service retirement application, rendering him retired as of March 1, 2022.

On March 23, 2022, Monroe was issued a notice of adverse action (NOAA) stating he was going to be dismissed as a parole agent effective April 1, 2022, based on misconduct including inexcusable neglect of duty, dishonesty, and misuse of state property.  Monroe requested and

was granted a *Skelly*[1] hearing, which occurred on March 30, 2022, and the parole administrator upheld the decision to dismiss him.

On April 8, 2022, the CDCR learned that Monroe had already service retired, effective March 1, 2022. The same day, the regional parole administrator sent a letter to Monroe acknowledging "receipt of [his] retirement from employment with the [CDCR], effective" March 1, 2022, and stating her determination that his retirement was " 'under unfavorable circumstances.' "

The CDCR then withdrew its notice of adverse action.

## 2. CalPERS determines Monroe is ineligible for disability retirement

On May 13, 2022, CalPERS sent Monroe a notice that he was ineligible for disability retirement because his employment ended for reasons not related to a disabling medical condition.

On June 10, 2022, Monroe appealed the rejection of his disability claim.

## 3. Administrative hearing

A hearing was held in August 2023 before the Office of Administrative Hearings (OAH), and the administrative law judge upheld CalPERS's determination that Monroe is barred from applying for disability retirement benefits.

## 4. Petition for writ of mandate and denial

Monroe then filed a petition for a writ of mandate in the trial court, and the trial court agreed that Monroe was barred from applying for disability retirement.

## DISCUSSION

## 1. Standard of review

Although we generally review the trial court's administrative mandamus decision for substantial evidence (*JKH Enterprises, Inc. v. Department of Industrial Relations* (2006) 142 Cal.App.4th 1046, 1058), where, as here, the facts are undisputed and the appeal involves only

---

[1] *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194.

an issue of law, "we apply our independent judgment regarding the action of the administrative agency" (*Stermer v. Board of Dental Examiners* (2002) 95 Cal.App.4th 128, 132).

## 2. Monroe's service retirement was a complete severance that rendered him ineligible for disability retirement

Disability retirement is available to state employees shown to be "incapacitated physically or mentally for the performance of [their] duties and . . . eligible to retire for disability." (Gov. Code, §§ 21152, 21156; *Martinez v. Public Employees' Retirement System* (2019) 33 Cal.App.5th 1156, 1161 (*Martinez*).) "[D]isability retirement is only a '[t]emporary separation[ ] from . . . service.' " (*Martinez*, at p. 1174; Cal. Code Regs., tit. 2, § 446; see *Willis v. State of California* (1994) 22 Cal.App.4th 287, 291 ["A disability retirement is not, by definition, permanent"].)

A member who is terminated for cause generally loses the right to claim disability benefits because "a complete severance" of the employee-employer relationship "eliminat[es] a necessary requisite for disability retirement—the potential reinstatement of [the] employment relationship . . . if it . . . is determined that [the person] no longer is disabled." (*Haywood v. American River Fire Protection Dist.* (1998) 67 Cal.App.4th 1292, 1297.) Where "an employee is fired for cause and the discharge is neither the ultimate result of a disabling medical condition nor preemptive of an otherwise valid claim for disability retirement, termination of the employment relationship renders the employee ineligible for disability retirement." (*Ibid.*)

Monroe's service retirement while under investigation for misconduct rendered him ineligible for disability retirement because it " 'constituted a complete severance of the employer-employee relationship,' " thereby extinguishing the possibility of reinstatement. (*Martinez, supra,* 33 Cal.App.5th at p. 1174; see *Collins v. County of Los Angeles* (1976) 55 Cal.App.3d 594, 597 [a "resignation is in the nature of a notice of . . . termination"].) In *Vandergoot*, the CalPERS Board of Administration (Board) extended the reasoning in *Haywood* to

4

an employee who settled a pending termination for cause by resigning. (*In the Matter of Application for Disability Retirement of Vandergoot* (2013) CalPERS Precedential Dec. No. 13–01 (*Vandergoot*).) *Vandergoot* acknowledged that "bright line distinctions need not be made" in determining when and under what circumstances a resignation is made—what matters is that "it is no longer possible for [the employee] to be reinstated under Government Code section 21193." (*Vandergoot*, at pp. 7–8.) Equally here, whether Monroe service retired or was terminated for cause is immaterial. He departed under unfavorable circumstances, with no right to return to his employment.

Monroe argues that the trial court erred in considering the testimony of Teresa Lopez, a parole agent serving as "Assistant Employee Relations Officer." He fails to cite any law or parts of the record to support this argument, and we decline to address it further. (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620 [an appellant who fails to cite support for an argument waives it].)

## DISPOSITION

The trial court's order is affirmed. CalPERS is entitled to its costs on appeal.

LUI, P. J.

We concur:

CHAVEZ, J.

RICHARDSON, J.

5

Filed 3/11/26

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RANDY MONROE,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM,<br><br>　　　Defendant and Respondent. | B345865<br><br>(Los Angeles County Super. Ct. No. 24PSCP00069)<br><br>ORDER CERITIFYING OPINION FOR PUBLICATION |

The opinion in the above-entitled matter filed on February 18, 2026, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports, and it is so ordered.


LUI, P. J.